Arthur James Fantroy was convicted of robbery in the second degree and was sentenced to 20 years' imprisonment. That conviction must be reversed because the prosecution failed to prove the elements of second degree robbery.
 I
The State's evidence, viewed in its most favorable light, shows that Robert Lynch, one of two codefendants, grabbed a purse from Mrs. Kathryn Hannon after a brief struggle. Lynch fled a distance on foot, jumped a chain link fence, and got into a white Cadillac driven by the defendant. The evidence is uncontradicted that only one person actually stole the purse and that the defendant was not physically present when that taking occurred.
The indictment specifically charged the defendant with a violation of Ala. Code 1975, § 13A-8-42. "A person commits the crime of robbery in the second degree if he violates section13A-8-43 [robbery in the third degree] and he is aided byanother person actually present." (Emphasis added.) "Robbery in the second degree, § 13A-8-42, requires that at least two robbers be present." Commentary to § 13A-8-42. "Where an accomplice to a robbery acts solely as the getaway driver and participates in neither the threat of force, its use, nor the taking of property, and is not in the immediate vicinity of the robbery or so positioned as to be capable of rendering assistance to the robber, he is not 'another person actually present' within the meaning of the aggravating accomplice factor of robbery, second degree." People v. Hedgeman,70 N.Y.2d 533, 523 N.Y.S.2d 46, 517 N.E.2d 858 (1987) (getaway driver was actually present). Under the facts presented, the defendant could be guilty, as a matter of law, only of robbery in the third degree.
The trial judge should have granted the defendant's motion for a directed verdict of acquittal as to robbery in the second degree and should have instructed the jury on robbery in the third degree.
Therefore, this case is remanded with directions that the defendant's conviction for second degree robbery be set aside and that the defendant be adjudged guilty of third degree robbery and sentenced accordingly.
 II
The other issues raised by the defendant on this appeal are without merit. The allegation that the defendant's right against self-incrimination under Doyle v. Ohio, 426 U.S. 610,96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), was violated was not preserved by proper objection at trial. The prosecutor's comment about plea negotiations made in his objection to the testimony sought to be elicited by defense counsel for one of the defendant's two codefendants did not involve this defendant and did not warrant a mistrial. The defendant's motion to suppress certain photographs because of the delayed production by the *Page 1145 
prosecution was untimely, because the motion was made after the photographs had already been received into evidence without objection. Finally, we find that the evidence is sufficient to support a conviction for third degree robbery.
For the reasons set out in Part I of this opinion, the defendant's conviction for second degree robbery is reversed and this cause is remanded with directions.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.