The defendant, Robert Lynch, was convicted of second degree robbery and was sentenced to 10 years' imprisonment. Upon appeal, the Court of Criminal Appeals affirmed his conviction without writing an opinion. 555 So.2d 1203. Defendant then petitioned this Court to review the judgment of the Court of Criminal Appeals, and this Court granted his petition, primarily to review one question: Can a defendant be convicted of second degree robbery if his co-defendant is not "actually present"?
In order to answer that question, we must determine what the term "actually present," in Ala. Code 1975, § 13A-8-42,[1] means.
The Court of Criminal Appeals, after it affirmed this petitioner's conviction, considered the conviction of his co-defendant, Arthur James Fantroy; it reversed Fantroy's conviction, discussing the identical *Page 304 
issue presented in this case. Fantroy v. State, 560 So.2d 1143
(Ala.Crim.App. 1989).
The Court of Criminal Appeals wrote in Fantroy:
 "The State's evidence, viewed in its most favorable light, shows that Robert Lynch, one of two codefendants, grabbed a purse from Mrs. Kathryn Hannon after a brief struggle. Lynch fled a distance on foot, jumped a chain link fence, and got into a white Cadillac driven by the defendant. The evidence is uncontradicted that only one person actually stole the purse and that the defendant was not physically present when that taking occurred.
 "The indictment specifically charged the defendant with a violation of Ala. Code 1975, § 13A-8-42. 'A person commits the crime of robbery in the second degree if he violates section 13A-8-43 [robbery in the third degree] and he is aided by another person actually present.' (Emphasis added.) 'Robbery in the second degree, § 13A-8-42, requires that at least two robbers be present.' Commentary to § 13A-8-42. 'Where an accomplice to a robbery acts solely as the getaway driver and participates in neither the threat of force, its use, nor the taking of property, and is not in the immediate vicinity of the robbery or so positioned as to be capable of rendering assistance to the robber, he is not "another person actually present" within the meaning of the aggravating accomplice factor of robbery, second degree.' People v. Hedgeman, 70 N.Y.2d 533, 523 N.Y.S.2d 46, 517 N.E.2d 858 (1987) (getaway driver was actually present). Under the facts presented, the defendant could be guilty, as a matter of law, only of robbery in the third degree.
 "The trial judge should have granted the defendant's motion for a directed verdict of acquittal as to robbery in the second degree and should have instructed the jury on robbery in the third degree."
The State of Alabama asked this Court to review the decision inFantroy, and in this case, the State argues essentially the same thing it argued in Fantroy, that "[f]rom a total reading of the statute (§ 13A-8-42) and commentary, it is apparent that the legislature intended that a person be guilty of second degree robbery if he is actually assisted by another person, whether standing right by the side of the principal robber or waiting to assist him in the get-away car." In essence, the State argues that accomplice liability, as defined in §13A-2-23,[2] should be read into the provisions of § 13A-8-42. InFantroy, the Court of Criminal Appeals rejected this argument, and this Court, without opinion, denied the State's petition for certiorari review.
We hold that the Court of Criminal Appeals inFantroy correctly interpreted § 13A-8-42 and that it incorrectly affirmed the petitioner's conviction in this case. We, therefore, reverse the judgment of the Court of Criminal Appeals and remand the cause to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, ADAMS, HOUSTON and KENNEDY, JJ., concur.
[1] Ala. Code 1975, § 13A-8-42, provides:
 "(a) A person commits the crime of robbery in the second degree if he violates section 13A-8-43 and he is aided by another person actually present.
 "(b) Robbery in the second degree is a Class B felony." (Emphasis added.)
The commentary to § 13A-8-42 states:
 "Robbery in the second degree, § 13A-8-42, requires that at least two robbers be present. Some modern codes recognized the increased likelihood of injury in robberies aided by an accomplice actually present, e.g., Michigan Revised Criminal Code, § 3306; New York Penal Law, § 160.10; Proposed New Federal Criminal Code, § 1721. Mere presence of a second individual, however, does not raise a simple theft case to robbery. There also must be a presence of force or threat of force. Thus, a 'strong-arm' robbery committed by two or more persons would constitute robbery in the second degree, but a shoplifting committed by one person with a 'look-out' accomplice would not meet the requirements of the section. Basically, § 13A-8-42 merely raises the punishment limitations for the offense of robbery in the third degree if committed by two or more persons. Some jurisdictions make no distinction based on the number of defendants. See Proposed Revision Texas Penal Code, §§ 29.02, 29.03; New Jersey Penal Code, § 2C:19-1."
[2] The accomplice liability statute provides:
"A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense:
 "(1) He procures, induces or causes such other person to commit the offense; or
 "(2) He aids or abets such other person in committing the offense; or
 "(3) Having a legal duty to prevent the commission of the offense, he fails to make an effort he is legally required to make." *Page 305