ON REMAND FROM THE ALABAMA SUPREME COURT
PATTERSON, Judge.
On February 23, 1989, the appellant, Robert Lynch, was found guilty, after a jury trial, of robbery in the second degree and was sentenced to 10 years’ imprisonment. Ala.Code 1975 § 13A-8-42. We affirmed the conviction and sentence on October 17, 1989, without issuing an opinion. The Alabama Supreme Court granted the appellant’s petition for writ of certiorari and, on August 17,1990, reversed the judgment of this court, holding that a defendant cannot be convicted of second degree robbery if his co-defendant was not actually present. Ex parte Lynch, 587 So.2d 303 (Ala.1990). Our supreme court remanded the case to us for further proceedings consistent with its opinion. Id. In rendering its decision, the court approved the definition of the words “actually present,” as used in the second degree robbery statute, established by this court in Fantroy v. State, 560 So.2d 1143 (Ala.Cr.App.1989).[1] On the authority of Ex parte Lynch and Fantroy v. State, the appellant’s conviction *306 for robbery in the second degree must be set aside; however, like the evidence in Fantroy, the evidence in the instant case is sufficient to support a conviction for third degree robbery. Before remanding this case to the trial court for entry of a conviction for third degree robbery, however, we must review the other issues raised.
The appellant contends that the trial court committed reversible error by allowing a police officer to testify for the prosecution that, after he gave Miranda warnings to the appellant, the appellant declined to make a statement. He relies on Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), and Houston v. State, 354 So.2d 825 (Ala.Cr.App.1977), cert. denied, 354 So.2d 829 (Ala.1978). The use of post-arrest, post-Miranda warning silence of the accused as evidence of his guilt is a violation of the due process clauses of both the Fourteenth Amendment to the Constitution of the United States and § Six of the Alabama Constitution of 1901, and counsel for the prosecution must scrupulously avoid all reference to or use of accused’s assertion of his right to remain silent. Doyle v. Ohio; Houston v. State. See also Ex parte Wiley, 516 So.2d 816 (Ala.1987); Arthur v. State, 575 So.2d 1165 (Ala.Cr. App.1990).
In the instant case, Officer Mike Smith was called as a witness by the State in its case-in-chief for the sole purpose of testifying that he advised the appellant of his Miranda rights shortly after the appellant had been arrested and that the appellant declined to make a statement. Smith testified that he read the Miranda rights to the appellant from a card. He read the rights printed on the card to the jury. We cannot conceive of a reason why the prosecutor presented this testimony other than to urge the jury to interpret his post-Miranda silence as evidence of guilt. This constituted a violation of the appellant’s constitutional rights.
The state argues that, even if error occurred, it was harmless, citing Houston v. State and Chapman v. United States, 547 F.2d 1240 (5th Cir.1977), cert. denied, 431 U.S. 908 (1977). While evidence of post-arrest and post-Miranda silence is not necessarily ineradicable error, it requires prompt corrective action by the trial court to cure the error. Here, the appellant objected to the testimony before it was given, and the trial court overruled his objection.
“An error involving an infringement of a defendant’s constitutional rights can be held harmless only if the court is able to declare beyond a reasonable doubt that the error was harmless.” Houston v. State, 354 So.2d at 828. See also Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The evidence in the instant case was conflicting. The appellant denied participating in the robbery. A third party, who has pleaded guilty to the robbery, claimed full responsibility for it. On the other hand, two state witnesses identified the appellant as the robber. Thus, the sorting out of the evidence was for the jury. In this posture, we cannot say beyond a reasonable doubt that the error was harmless. For this reason, the judgment must be reversed and the case remanded for a new trial.
In view of our decision to reverse and remand, we find it unnecessary to address the remaining issue, as it is unlikely that it will arise again in a new trial.
REVERSED AND REMANDED.
All Judges concur.

. Fantroy v. State, 560 So.2d 1143 (Ala.Cr.App. 1989), is a companion case to the case at bar. The state’s evidence showed that Robert Lynch actually stole the purse from the victim, after a struggle, and that Fantroy was not physically present when the taking occurred. In Fantroy, we remanded the case to the trial court with instructions to set aside Fantroy’s conviction for second degree robbery, adjudge him guilty of third degree robbery, and sentence him accordingly.