The issue in this case is whether the Court of Criminal Appeals, on remand, was required to follow the mandate of this Court. We hold that it was.
The facts are as follows: The defendant, Robert Lynch, grabbed the victim's purse. He then fled on foot, jumped over a fence, and got into an automobile driven by Arthur James Fantroy. Lynch and Fantroy were tried as codefendants, and both were found guilty of second degree robbery. § 13A-8-42, Ala. Code 1975. Lynch was sentenced to 10 years' imprisonment on the second degree robbery conviction. On appeal, the Court of Criminal Appeals affirmed the conviction, without an opinion, and subsequently denied rehearing.
This Court granted the petition for certiorari review. On August 17, 1990, we issued an opinion (Ex parte Lynch,587 So.2d 303 (Ala. 1990)) remanding this case to the Court of Criminal Appeals in order for that court to comply with its decision in Fantroy v. State, 560 So.2d 1143 (Ala.Cr.App. 1989). In Fantroy, the Court of Criminal Appeals held that Fantroy, Lynch's codefendant, could not be guilty of second degree robbery, as a matter of law, because he was not "actually present" within the meaning of § 13A-8-42. Under the facts, Fantroy could be guilty only of robbery in the third degree. That court ordered that Fantroy's conviction for second degree robbery be set aside and that he be adjudged guilty of third degree robbery and be sentenced accordingly.
This Court ordered the Court of Criminal Appeals to comply with Fantroy, because Lynch also could not be convicted of second degree robbery, because § 13A-8-42 requires, for that crime, that at least two robbers be "actually present." Exparte Lynch, supra. Instead, the Court of Criminal Appeals reversed Lynch's conviction and remanded the case for a new trial based on a different issue. (Lynch v. State,587 So.2d 305 (Ala.Crim.App. 1990)). We find that the Court of Criminal Appeals' reversal goes beyond the mandate of this Court's order of remand. "On remand, the issues decided by the appellate court become law of the case and the trial court's duty is to comply with the appellate mandate 'according to its true intent and meaning, as determined by the directions given by the reviewing court.' " Walker v. Carolina Mills Lumber Co.,441 So.2d 980 (Ala.Civ.App. 1983), citing Ex parte Alabama PowerCo., 431 So.2d 151 (Ala. 1983). This principle also applies when a mandate *Page 308 
from a reviewing court is issued to a lower appellate court.
In the instant case, the directions given by this Court were clear. The Court of Criminal Appeals, after it affirmed this petitioner's conviction, considered the conviction of his codefendant, Arthur James Fantroy; it reversed Fantroy's conviction, discussing the identical issue presented in Exparte Lynch, supra, of whether a defendant could be convicted of second degree robbery if his codefendant was not "actually present" for purposes of § 13A-8-42. Specifically, the Court stated:
 "We hold that the Court of Criminal Appeals in Fantroy correctly interpreted § 13A-8-42 and that it incorrectly affirmed the petitioner's conviction in this case. We, therefore, reverse the judgment of the Court of Criminal Appeals and remand the cause to that court for further proceedings consistent with this opinion."
Ex parte Lynch, 587 So.2d at 304.
In Ex parte Lynch, the only issue addressed by this Court was whether Lynch should have been convicted of third degree robbery instead of second degree robbery. Because no other issues on appeal were addressed, arguably they were without merit. The Court of Criminal Appeals exceeded its authority by addressing another issue on remand. A lower appellate court is not free to reconsider issues finally decided in this Court's mandate. See Ex parte Ins. Co. of North America, 523 So.2d 1064
(Ala. 1988).
We reverse the judgment of the Court of Criminal Appeals and reinstate the mandate of Ex parte Lynch, 587 So.2d 303. That is, Lynch's conviction for second degree robbery is due to be set aside and Lynch is to be adjudged guilty of third degree robbery and to be sentenced accordingly.
REVERSED AND REMANDED.
MADDOX, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.