We granted certiorari review in this case in order to determine whether the trial court erred in resentencing the defendant to a harsher sentence, where the first sentence was based on a guilty plea and the second sentence followed a trial.
The facts are as follows: On March 6, 1989, the defendant, Donna Othella Weeks, entered a plea of guilty to trafficking in cocaine in violation of § 20-2-80, Ala. Code 1975. The trial court accepted a plea bargain whereby Weeks was sentenced to a term of 12 years, with 3 years to be served in prison and the remainder of the sentence suspended pending Weeks's good behavior on probation for 5 years.[1] On May 25, 1989, Weeks filed a motion to withdraw the guilty plea, claiming that her attorney had had a conflict of interest and that the guilty plea had not been made knowingly and voluntarily. The trial court granted the motion and ordered a new trial.
The jury found Weeks guilty of trafficking in cocaine. The trial court sentenced Weeks to a term of 21 years, 7 months in prison. At the sentencing hearing, the trial judge stated as follows:
 "I think I am compelled to justify why she got twelve years in April [when Weeks entered a guilty plea], as you say, with three to serve, and has come back in August and gets 21 and seven months [after a trial].
 "I'll tell you why. Because in April Ms. Weeks and her lawyer, along with the district attorney, made a bargain. Bargains that I don't participate in them making. It does require my participation in accepting it. . . .
 "Anytime a judge takes a bargain, I think not only this judge but most judges, they look very little. They don't know as much about the case as they know when it is tried or when they get full reports and other data.
 "This lady had a bargain and she would have gone to jail and served three years. She would probably be out or close to be getting out by now. But she elected to come back in here and say that I was tricked into the bargain. That the *Page 440 
lawyer tricked me. I didn't understand what I was doing.
 "So when they make that kind of argument, unless I am clear that they weren't tricked, the burden then comes on the lawyer to prove that they weren't tricked as far as I am concerned. The law doesn't necessarily say that, but that is the way this Court rules. I want justice to be what it is supposed to be, so I, having all respect for the lawyer, still resolve that conflict in her favor and gave her a new trial.
 "When she went to trial I learned things about this lady that I didn't know when I took the bargain. That's one of the risks you take when you proceed that way. I take the bargains all the time. Take them in a matter of minutes. And quite often probably make an error, but it's understood that plea bargain is something that we do. Otherwise we couldn't function. But when I went through a trial with this lady, I learned a lot about this lady. The bargain only gives me a skeleton. I didn't know anything about all the transactions that surrounded even the probation report. And you take the bargain before you see the probation report.
 "But once this lady went to trial and was completely undressed before me, in a legal sense, then I learned who I was dealing with. And I learned who the people of this state were dealing with. So that is the difference in the sentence. She wasn't penalized because she went to trial. In fact, I did her a favor in a sense. I gave her a new trial. I mean gave her a trial.
 "And she pled with one of the most competent lawyers, in my judgment, in this jurisdiction. Nevertheless, I resolved it against him and gave her a trial. And you are competent. But my point is she said he tricked her. Those were her words. He misled her. She and her son both. I gave them both a new trial.
 "But during the trial I learned some things about these people that I didn't know with the bargain. People came yesterday and struck bargains. I don't know much about them. I leave that to the district attorney. I doubt if they know all of it. But when she went to trial and I found out here are some people come from Florida and using this state and this county and this jurisdiction as a depository of cocaine, and then just as you say they are enjoying a certain lifestyle in Florida; again it comes to my mind that [of him to whom] much is given, much is expected.
 "But the expectation is not to bring cocaine from Florida and feed it to Alabama citizens. They might say well, it's not going to young citizens. They don't know who it's going to. Because anytime you sell drugs you don't know who it's going to. Otherwise, you wouldn't end up here. You certainly wouldn't sell it to the police.
 "So that's my reason for giving her [a harsher sentence]. . . ."
(R.T. 657-63.)
The Court of Criminal Appeals affirmed, without an opinion 579 So.2d 718.
In Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201,104 L.Ed.2d 865 (1989), the Supreme Court addressed the question whether a presumption of vindictiveness applies when a sentence imposed after trial is greater than the sentence previously imposed after a guilty plea. In Smith, the defendant agreed to plead guilty to burglary and rape charges in exchange for the State's dismissing a sodomy charge. The trial court accepted the plea bargain and sentenced the defendant to 30 years' imprisonment on each charge. The defendant later succeeded in having his guilty pleas vacated and was tried on rape, burglary, and sodomy charges. The jury returned a guilty verdict on all three charges and the trial court sentenced him to life imprisonment on the burglary conviction, a concurrent term of life imprisonment on the sodomy conviction, and a consecutive term of 150 years on the rape conviction.
The Supreme Court held that a presumption of vindictiveness does not apply in every case where the defendant receives a harsher sentence on retrial. Only in such circumstances where there is a "reasonable likelihood" that the increased sentence is a product of vindictiveness will the presumption *Page 441 
of vindictiveness apply. Smith, 490 U.S. at 799,109 S.Ct. at 2205. "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." Id.
The Supreme Court specifically held that when a greater penalty is imposed after trial than was imposed after a guilty plea, there is no automatic presumption of vindictiveness. "Even when the same judge imposes both sentences, the relevant sentencing information available to the judge after the plea will usually be considerably less than that available after a trial." Id. "[I]n the course of the proof at trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged. The defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation." Smith, 490 U.S. at 801,109 S.Ct. at 2206.
In the instant case, no evidence was presented by the defendant that indicates actual vindictiveness on the trial judge's part. In fact, the reasons given by the trial judge, stated earlier in this opinion, explain why the sentence was harsher.
All other issues presented are without merit. We affirm.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and INGRAM, JJ., concur.
[1] Some parts of the record indicate that the sentence called for four years to be served.