The appellant, Oscar Eugene Kent, appeals his conviction for theft of property in the first degree and his subsequent split sentence of 10 years' imprisonment with 1 year to serve and 3 years' probation. He raises two issues on appeal. Because we reverse on one of these issues, we find it unnecessary to address both issues.
The facts of the case are briefly set forth below. Two employees of the Oil Equipment Company were riding together in an automobile when they spotted one of the company's air compressors being transported by a small dump truck. The two employees, Wesley Self and Christopher Price, followed the dump truck for about a mile, pulled up beside it, and told the driver, Kent, that the air compressor belonged to the company for which they worked. Kent told the men that he had been paid to move the compressor. Wesley and Price asked Kent to unhook the compressor and to leave it with them. A police officer, Officer Don Sivley, came upon the scene and inquired as to what had happened. Kent informed Sivley that he had been hired to move the compressor, but when asked who hired him, he could not name that person. Officer John Self was then called to the scene. Kent told Self that he was to meet the person who had hired him to tow the compressor at a car wash at Moody Crossroads. Sivley and Self followed Kent to the car wash to meet the person who *Page 798 
had allegedly hired him, but no one ever arrived. Kent was transported to the Trussville police department where he made the following statement: He was at Hudd's grocery store at around 4:00 p.m. with his wife. While in the checkout line, Kent met a man whose name he could not remember, and they discussed their occupations. The man hired Kent to transport the air compressor for him at the agreed price of $35. While at the police station, Kent stated that the person who asked him to transport the air compressor was named "Vernon" but that he did not remember his last name.
Kent testified at trial to the following: His job involved trucking and contracting work; one of the things that he does in his job is move equipment; on the day of the incident in question, he met a man named "Vernon Carson" at Hudd's grocery store; Carson agreed to pay him $50 to tow the air compressor; and he believed that he had a right to take the compressor and tow it for Carson.
Kent contends that the trial court erred by not instructing the jury as he requested. The first requested jury charge in question, No. 3, was as follows:
 "The Court instructs the jury that the defendant is charged in the indictment with the first degree theft of property. To sustain the charge of theft of property in the first degree, the state by the evidence must prove beyond a reasonable doubt each of the following elements of the offense: first, that the defendant, Oscar Kent, knowingly obtained or exerted unauthorized control, or obtained by deception control over property owned by Oil Equipment Company, Inc. a corporation; second, that he did so with intent to deprive the said owner of its property; third, that the property was of a value exceeding $1,000.00; and fourth, that the defendant did not act in the honest belief that he had a claim to said property which he was entitled to assert by taking possession of and moving the same. If you are not convinced by the evidence beyond a reasonable doubt either that he acted with the intent to deprive the true owner of its property, or that he did not act in the honest belief that he had a right to do what he was doing, you must acquit the defendant."
The trial court refused to give the requested charge. Alabama Code 1975, § 13A-2-6(a), provides:
 "(a) A person is not relieved of criminal liability for conduct because he engages in that conduct under a mistaken belief of fact unless:
 "(1) His factual mistake negatives the culpable mental state required for the commission of an offense; or
 "(2) The statute defining the offense or a statute related thereto expressly provides that such a factual mistake constitutes a defense or exemption; or
 "(3) The factual mistake is of a kind that supports a defense of justification as defined in Article 2 of Chapter 3 of this title."
Kent argues that under the facts of the case the charge on "factual mistake" should have been given by the trial court. The theory behind the requested charge was that Kent believed he had a right to move the property because he believed that the lawful owner of the property gave him that right.
 "A trial court has broad discretion in formulating its jury instructions, provided they are an accurate reflection of the law and facts of the case. United States v. Padilla-Martinez, 762 F.2d 942 (11th Cir. 1985). However, a 'defendant is entitled to have the court instruct the jury on his defense theory, "assuming that the theory has foundation in the evidence and legal support." United States v. Conroy, 589 F.2d 1258, 1273 (5th Cir. 1979).' United States v. Terebecki, 692 F.2d 1345, 1351 (11th Cir. 1982). In order to determine whether the evidence is sufficient to necessitate an instruction and allow the jury to consider the defense, 'we must accept the testimony most favorably to the defendant.' (Citations omitted.) United States v. Lewis, 592 F.2d 1282, 1286 (5th Cir. 1979). The Alabama Supreme Court has indicated that proper written requested instructions must be given 'which are supported by any evidence, however weak, insufficient, or doubtful in credibility.' *Page 799 Chavers v. State, 361 So.2d 1106, 1107 (Ala. 1978). See also Ashlock v. State, 367 So.2d 560, 561, (Ala.Cr.App. 1978), cert. denied, 367 So.2d 562
(Ala. 1979); Giles v. State, 366 So.2d 351
(Ala.Cr.App. 1978)."
Coon v. State, 494 So.2d 184, 186 (Ala.Cr.App. 1986). Viewing the testimony most favorably to Kent, this court concludes that the trial court erred by refusing to give the requested charge. The charge is a correct statement of the law, and the instruction was supported by evidence presented at trial.
Kent also contends that the trial court committed reversible error by denying his request for jury instruction No. 4, which is as follows:
 "The court instructs the jury that a person acts 'knowingly' with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of that nature or that the circumstance exists. However, if the acts of the defendant are taken under an honest claim of right or a bona fide belief, then he does not act 'knowingly', even if his belief or claim of right is based upon an erroneous conception of his rights, or on an erroneous conception of the true factual circumstance in which he is acting. In the instant case, unless the prosecution has convinced each juror by the evidence beyond a reasonable doubt that the defendant acted knowingly and with the intent to deprive the true owner in this case of its property, it will be your duty to acquit the defendant of the charge contained in the indictment."
This charge, known as the "honest belief" charge, is based on § 13A-8-12, which states:
 "(a) It is a defense to a prosecution under Sections 13A-8-2 through 13A-8-11 (theft of property, theft of lost property, theft of services and unauthorized use of vehicle) that the actor honestly believed that he had a claim to the property or services involved which he was entitled to assert in the manner which forms the basis for the charge against him.
 "(b) The burden of injecting the issue of claim of right is on the defendant, but this does not shift the burden of proof."
In a similar case, Wood v. State, 564 So.2d 863 (Ala. 1990), the Alabama Supreme Court held that the trial court erred to reversal by not giving a similar charge in an insurance fraud case. In that case, the defendant's defense was that he had an honest belief that he was entitled to money from his insurance company. The Alabama Supreme Court held that the state was required to prove beyond a reasonable doubt that Wood specifically intended to deceive his insurance company. In the case before us, the prosecution was required to prove beyond a reasonable doubt that Kent specifically intended to deprive the true owner of the compressor. Kent was entitled to a proper jury instruction incorporating the "honest belief" charge as to his rights under § 13A-8-12.
The trial court's failure to instruct the jury as to Kent rights under § 13A-2-6(a) and § 13A-8-12, as he requested, constitutes reversible error in this case. For this reason, the judgment is due to be, and is hereby, reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur. *Page 1155