MADDOX, Justice.
Although the petitioner, Oscar Eugene Kent, Jr., presents several issues for this Court’s consideration, the only one we address is whether the trial judge, when he imposed a harsher sentence on this defendant following a second trial on the same charge, was required to affirmatively state on the record his reasons for imposing the harsher sentence. Based on established precedents of the United States Supreme Court, we conclude that the United States Constitution imposes such a requirement in this case.

Facts and Procedural History

Two employees of Oil Equipment Company watched Oscar Eugene Kent, Jr., as he was towing an $8,000 air compressor owned by that company away from a construction site. The two employees stopped Kent. The police were summoned. Kent told them he was in the business of moving heavy machinery and that he had been hired by someone called “Vernon” to move the compressor. He told the police that he was to meet Vernon with the compressor at a particular location for payment. The police allowed Kent to take the compressor there, but no one else appeared. Witnesses from the company testified that Kent had not been authorized to move the company’s compressor.
Kent was indicted and convicted on the charge of first-degree theft of property, § 18A-8-3, Ala.Code 1975. On November 29, 1993, the trial judge sentenced him to 10 years’ imprisonment. That sentence was split, however, and Kent was to serve one year of incarceration followed by three *1064 years of probation. On appeal, the Court of Criminal Appeals reversed the conviction because of trial error and remanded for a new trial. Kent v. State, 661 So.2d 797 (Ala.Crim.App.1995).
Kent was tried a second time on the same charge on September 30, 1996. A jury again found him guilty. On November 18, 1996, the trial judge, who had also presided over Kent’s first trial and had imposed his first sentence, imposed a sentence of 10 years’ imprisonment. This sentence was also split. However, in contrast to his first sentence, this time Kent was sentenced to serve two years of incarceration followed by two years of probation. The Court of Criminal Appeals affirmed Kent’s second conviction and sentence, by an unpublished memorandum. Kent v. State, 738 So.2d 933 (Ala.Crim.App.1998) (table). This Court granted Kent’s petition for certiorari review.

Discussion

Kent argues that the Court of Criminal Appeals erred in affirming his sentence because, he says, it was harsher than the sentence he received after his first trial. After both trials, Kent was sentenced to 10 years’ imprisonment. However, after his first trial, that sentence was “split” into one year of imprisonment and three years of probation. In his second trial, the sentence was “split” into two years of imprisonment and two years of probation. The Court of Criminal Appeals affirmed, holding that, although his second sentence was “slightly harsher” than the first one, the imposition of that harsher sentence could not be held to be reversible error because, the court wrote in its unpublished memorandum, Kent had presented “no evidence that his sentence following retrial was the result of vindictiveness over his decision to exercise his right to appeal his first conviction.”
Kent argues that in reaching that conclusion the Court of Criminal Appeals misapplied the burden applicable in a case of retrial and resentencing, by requiring him to show that the harsher sentence was a result of vindictiveness on the part of the trial judge. As Kent points out, the United States Supreme Court has held:
“Due process of law ... requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant’s exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
“In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.”
North Carolina v. Pearce, 395 U.S. 711, 725-26, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969). This Court granted certiorari review in order to fully consider Kent’s argument that, under Pearce, his latest sentence violates his right to due process of law.
Our analysis of the relevant caselaw cannot end with Pearce, however. In its reply brief, the State points to Ex parte Weeks, 591 So.2d 439 (Ala.1991), as support for its argument that there is no due-process violation in this case. In Weeks, this Court noted that the Supreme Court had limited the seemingly broad scope of the Pearce holding. In Alabama v. Smith, 490 U.S. *1065 794, 799-800, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), Chief Justice Rehnquist wrote for the Court:
“While the Pearce opinion appeared on its face to announce a rule of sweeping dimension, our subsequent cases have made clear that its presumption of vindictiveness ‘do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial.’ Texas v. McCullough, 475 U.S. [134,] 138, 106 S.Ct. 976, 89 L.Ed.2d 104 [ (1986) ]. As we explained in Texas v. McCullough, ‘the evil the [Pearce ] Court sought to prevent’ was not the imposition of ‘enlarged sentences after a new trial’ but ‘vindictiveness of a sentencing judge.’ Ibid. See also Chaffin v. Stynchcombe, 412 U.S. 17, 25, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) (the Pearce presumption was not designed to prevent the imposition of an increased sentence on retrial ‘for some valid reason associated with the need for flexibility and discretion in the sentencing process,’ but was ‘premised on the apparent need to guard against vindictiveness in the resentencing process’). Because the Pearce presumption ‘may operate in the absence of any proof of an improper motive and thus ... block a legitimate response to criminal conduct,’ United States v. Goodwin, [457 U.S. 368,] 373[,102 S.Ct. 2485, 73 L.Ed.2d 74] [ (1982) ], we have limited its application, like that of ‘other “judicially created means of effectuating the rights secured by the [Constitution],” ’ to circumstances ‘where its “objectives are thought most efficaciously served,” ’ Texas v. McCullough, supra, at 138, quoting Stone v. Powell, 428 U.S. 465, 482, 487, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Such circumstances are those in which there is a ‘reasonable likelihood,’ United States v. Goodwin, supra, at 373 [102 S.Ct. 2485], that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness, see Wasman v. United States, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).”
(Emphasis in original.)
We note that it is undisputed that the second sentence imposed on Kent is in fact harsher than the first sentence he received. The state emphasizes that the second sentence was only “slightly harsher” than the first. That point, however, is irrelevant. The governing caselaw makes no special rule for cases where slightly harsher sentences are imposed rather than significantly harsher ones.
Given the fact that Kent’s second sentence was harsher than his first, we think it clear from Alabama v. Smith that the key question we must determine is whether there is a “reasonable likelihood” that Kent’s second sentence was “the product of actual vindictiveness on the part of the sentencing authority.” Alabama v. Smith, 490 U.S. at 799, 109 S.Ct. 2201. Only when there is such a reasonable likelihood does the presumption of vindictiveness attach and the defendant’s burden lift. Absent that reasonable likelihood, the defendant retains the burden of showing that the second sentence was a product of “actual vindictiveness.” Id.
In Alabama v. Smith, the Chief Justice went on to discuss some of the cases where the Supreme Court had held that no presumption of vindictiveness arose:
“In Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), for example, we refused to apply the presumption when the increased sentence was imposed by the second court in a two-tiered system which gave a defendant convicted of a misdemeanor in an inferior court the right to trial de novo in a superior court. We observed that the trial de novo represented a ‘completely fresh determination of guilt or innocence’ by a court that was not being ‘asked to do over what it thought it had already done correctly.’ Id., at 117, 92 S.Ct. 1953. If the de novo trial resulted *1066 in a greater penalty, we said that ‘it no more follows that such a sentence is a vindictive penalty ... than that the inferior court imposed a lenient penalty.” Ibid. Consequently, we rejected the proposition that greater penalties on retrial were explained by vindictiveness ‘with sufficient frequency to warrant the imposition of a prophylactic rule.’ Id., at 116, 92 S.Ct. 1953. Similarly, in Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), we held that no presumption of vindictiveness arose when a second jury, on retrial following a successful appeal, imposed a higher sentence than a prior jury. We thought that a second jury was unlikely to have a ‘personal stake’ in the prior conviction or to be ‘sensitive to the institutional interests that might occasion higher sentences.’ Id., at 26-28, 93 S.Ct. 1977.
“We think the same reasoning leads to the conclusion that when a greater penalty is imposed after trial than was imposed after a prior guilty plea, the increase in sentence is not more likely than not attributable to the vindictiveness on the part of the sentencing judge. Even when the same judge imposes both sentences, the relevant sentencing information available to the judge after the plea will usually be considerably less than that available after a trial. A guilty plea must be both ‘voluntary’ and ‘intelligent,’ Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), because it ‘is the defendant’s admission in open court that he committed the acts charged in the indictment,’ Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). But the sort of information which satisfies this requirement will usually be far less than that brought out in a full trial on the merits.
“As this case demonstrates, ... in the course of the proof at trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged. The defendant’s conduct during trial may give the judge insights into his moral character and suitability for rehabilitation. Supra, at 797, 90 S.Ct. 1463. See United States v. Grayson, 438 U.S. 41, 53, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978) (sentencing authority’s perception of the truthfulness of a defendant testifying on his own behalf may be considered in sentencing). Finally, after trial, the factors that may have indicated leniency as consideration for the guilty plea are no longer present. See Brady v. United States, supra, at 752, 90 S.Ct. 1463. Here, too, although the same judge who sentenced following the guilty plea also imposes sentence following trial, in conducting the trial the court is not simply ‘do[ing] over what it thought it had already done correctly.’ Gotten, supra, at 117, 92 S.Ct. 1953. Each of these factors distinguishes the present case, and others like it, from cases like Pearce. There, the sentencing judge who presides at both trials can be expected to operate in the context of roughly the same sentencing considerations after the second trial as he does after the first; any unexplained change in the sentence is therefore subject to a presumption of vindictiveness.”
Alabama v. Smith, 490 U.S. at 800-02, 109 S.Ct. 2201.
Kent was retried and reconvicted on the same charge. The same judge presided over both trials and imposed both sentences. While we see merit to the argument that the trial judge may have reached a different conclusion regarding the appropriate sentence as a result of factors that were perhaps emphasized more or less heavily in the second trial, and while we would hasten to point out that a harsher sentence is not per se unconstitutional, we cannot escape the conclusion that the sentencing procedure followed in this case violates the Constitution.
In Weeks, supra, we noted that the record clearly showed that the “trial court repeatedly stated that it was imposing a *1067 harsher sentence because after trial it knew more about [the defendant’s] role in the incident upon which the charge, was based.” 591 So.2d at 444. Such is not the case here. Absent any of the distinguishing factors Chief Justice Rehnquist discussed in Alabama v. Smith, or similar factors, Pearce requires that the trial judge imposing a heavier sentence following a retrial affirmatively state on the record his or her reasons for doing so.
We conclude that Kent’s second sentence was not constitutionally imposed, because the presumption of vindictiveness attached and the trial judge did not state, on the record, his reasons for imposing the harsher sentence.
With regard to Kent’s other arguments, we have reviewed the record, the briefs, and the unpublished memorandum of the Court of Criminal Appeals, and we conclude that the Court of Criminal Appeals properly rejected those arguments.

Conclusion

To the extent it affirms Kent’s conviction, the judgment of the Court of Criminal Appeals is affirmed. To the extent it affirms his sentence, however, it is reversed. The case is remanded for the Court of Criminal Appeals to direct the circuit court to resentence Kent in a manner consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOOPER, C.J., and HOUSTON, KENNEDY, COOK, SEE, and JOHNSTONE, JJ., concur.
LYONS, J., concurs specially.
BROWN, J., recuses herself.