FRY, Judge.
The appellant, Oscar Eugene Kent, Jr., was indicted and convicted of first-degree theft of property, § 13A-8-3, Ala. Code 1975. On November 29, 1993, the trial court sentenced Kent to 10 years’ imprisonment. That sentence was split and Kent was ordered to serve one year of incarceration followed by three years’ probation. This Court reversed that conviction and sentence because of trial error and remanded the cause for a new trial. Kent v. State, 661 So.2d 797 (Ala.Cr.App.1995).
Kent was retried on the same charge and was again convicted. On November 18, 1996, the trial judge, who had also presided over Kent’s first trial and who had imposed the first sentence, imposed a sentence of 10 years’ imprisonment. This sentence was split and Kent was ordered to serve two years’ imprisonment followed by two years’ probation. This Court, by unpublished memorandum, affirmed Kent’s second conviction and sentence. Kent v. State, 738 So.2d 933 (Ala.Cr.App.l998)(table).
On March 19, 1999, the Supreme Court affirmed Kent’s conviction; however, it reversed Kent’s sentence. Ex parte Kent, 739 So.2d 1063 (Ala.1999). On May 28, 1999, this Court, on the authority of Ex *1015 parte Kent, supra, reversed the part of the judgment of the trial court imposing sentence and remanded this cause to the trial court with directions that that court resen-tence Kent in accordance with the opinion of the Alabama Supreme Court. Kent v. State, 739 So.2d 1069 (Ala.Cr.App.1999). A certificate of judgment was issued on June 15, 1999.
On July 13, 1999, the trial court filed a “Response” to this Court’s remand order. While the response sets forth the trial court’s reasons for enhancing Kent’s sentence after his second trial, the response clearly does not comply with the directions of this Court or the Supreme Court because the trial court did not re-sentence Kent.
“On remand, the issues decided by an appellate court become the law of the case, and the trial court’s duty is to comply with the directions given by the reviewing court. Lynch v. State, 587 So.2d 306 (Ala.1991); McGee v. State, 620 So.2d 145 (Ala.Cr.App.1993).”
Ellis v. State, 705 So.2d 843, 847 (Ala.Cr. App.1996).
In its opinion the Supreme Court stated:
“Kent was retried and reconvicted on the same charge. The same judge presided over both trials and imposed both sentences. While we see merit to the argument that the trial judge may have reached a different conclusion regarding the appropriate sentence as a result of factors that were perhaps emphasized more or less heavily in the second trial, and while we would hasten to point out that a harsher sentence is not per se unconstitutional, we cannot escape the conclusion that the sentencing procedure followed in this case violates the Constitution.
[[Image here]]
“We conclude that Kent’s second sentence was not constitutionally imposed, because the presumption of vindictiveness attached and the trial judge did not state, on the record, his reasons for imposing the harsher sentence.
[[Image here]]
“This case is remanded for the Court of Criminal Appeals to direct the circuit court to resentence Kent in a manner consistent with this opinion.”
739 So.2d at 1066-1067 (emphasis added).
The trial court’s response, even though it does provide the trial court’s reasons for imposing a harsher sentence, does not comply with the directions of the Supreme Court because the response does not indicate that the trial court resentenced Kent. Therefore, we must remand this cause to the trial court to resentence Kent. In light of the Supreme Court’s holding that “the sentencing procedure followed in this case violates the Constitution” and the Supreme Court’s reliance in reaching its determination in this cause upon the precedent of Ex parte Weeks, 591 So.2d 439 (Ala.1991), a similar situation in which the trial court made repeated showings on the record at the sentencing hearing of its reasons for imposing a harsher sentence, we conclude that more than a “technical error” occurred in Kent’s sentencing. See Murry v. State, 562 So.2d 1348 (Ala.Cr.App.l988)(holding that when a remand for resentencing is “technically based” and is ordered solely to correct a technical error in the sentencing order a sentencing hearing is not required). Therefore, in the interest of fundamental fairness, a sentencing hearing is required.
For the reasons stated above, this cause is remanded to the trial court with directions that that court vacate Kent’s original sentence, conduct a sentencing hearing with Kent and his counsel present, and resentenee Kent. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary to determine Kent’s sentence. If the trial court imposes a harsher sentence on Kent than was imposed after the first conviction for the same charge, the trial court shall state on the record its reasons for imposing the harsher sentence.
*1016 REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

 Note from the reporter of decisions: On April 21, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion.