On Application for Rehearing
This Court's unpublished memorandum of May 23, 2003, affirming the circuit court's summary dismissal of his Rule 32, Ala. R. Crim. P., petition is withdrawn and the following opinion is substituted therefor.
Jimmie Franklin Campbell filed a Rule 32, Ala. R.Crim. P., petition in the circuit court seeking relief from his 1997 murder conviction. On direct appeal, this Court affirmed this conviction. Campbell v. State (No. CR-97-0383), 744 So.2d 955
(Ala.Crim.App. 1998) (table). The certificate of judgment was issued on December 8, 1998. Campbell filed his first Rule 32, Ala. R. Crim. P., petition on February 11, 2000. In that petition, he claimed that his trial counsel was ineffective and that the trial court was without jurisdiction to render a judgment or to impose sentence. The circuit court dismissed his petition, and its judgment was affirmed on appeal. Campbell v.State, (No. CR-00-0129), 837 So.2d 886 (Ala.Crim.App. 2001) (table). Campbell filed the instant petition on January 6, 2003. The circuit court summarily dismissed the petition. This appeal followed.
Campbell argues that the circuit court's order dismissing his petition is void. He claims that the circuit court did not have jurisdiction to rule on his petition because the record does not reflect that the circuit court granted his request to proceed informa pauperis and because the circuit court did not require him to pay the filing fee.[1] We agree. We also note that the record does not indicate that Campbell paid the filing fee.
In Jackson v. State, 854 So.2d 157 (Ala.Crim.App. 2002), this Court held that before it could address the appellant's argument that the circuit court did not have jurisdiction to rule on his petition remand to the circuit court was required for a determination of whether the circuit court granted the appellant's request to proceed in forma pauperis and whether the appellant paid the court filing fee. In accordance withJackson, supra, we must remand this case to the circuit court for that court to make specific, written findings regarding whether Campbell paid the filing fee and whether it granted his request to proceed in forma pauperis. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion.
APPLICATION GRANTED; UNPUBLISHED MEMORANDUM OF MAY 23, 2003, WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH INSTRUCTIONS.* *Page 1273 
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] The circuit clerk's notice of appeal indicates that Campbell was granted indigency status in the circuit court and that he was also granted indigency status on appeal. However, the record does not support those assertions.
* Note from the reporter of decisions: On December 19, 2003, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.