On Return to Remand
The appellant, James Matthew Hyde, appeals the denial of his petition for postconviction *Page 809 
relief filed pursuant to Rule 32, Ala.R.Crim.P. On January 11, 2002, Hyde filed a petition for postconviction relief pursuant to Rule 32, Ala.R.Crim.P., attacking his capital-murder conviction and his sentence of death. The petition was accompanied by an in forma pauperis declaration to proceed without the prepayment of the required filing fee. On February 20, 2004, the circuit court denied Hyde's Rule 32 petition without ruling on his request for indigency status. Hyde filed a notice of appeal to this Court. On April 29, 2004, Hyde moved that we allow him to proceed in forma pauperis on appeal. In that motion Hyde stated that the record showed that the circuit court never ruled on his in forma pauperis request. By order dated May 7, 2004, we remanded the case for the circuit court to supplement the record to reflect whether it ruled on Hyde's in forma pauperis request before issuing a ruling on the Rule 32 petition.
On remand the circuit court granted indigency status and issued an order allowing Hyde leave to supplement and amend his Rule 32 petition. The State moved that we dismiss this appeal as an appeal from a void judgment. It asserts that the circuit court had no jurisdiction to consider the Rule 32 petition because it had failed to rule on Hyde's in forma pauperis request. We allowed Hyde an opportunity to respond to the State's motion to dismiss this appeal.
The State contends that we should dismiss this appeal because, it argues, the circuit court had no jurisdiction to dispose of the Rule 32 petition without first ruling on Hyde's in forma pauperis request. The State further argues that the circuit court exceeded the scope of our remand order by granting Hyde leave to amend and supplement his Rule 32 petition.
It is uncontested that the circuit court did not rule on Hyde's in forma pauperis request before it denied his Rule 32 petition. A circuit court does not obtain subject matter jurisdiction of a Rule 32 petition until either a filing fee has been paid or a request to proceed in forma pauperis has been granted. SeeMaxwell v. State, [Ms. CR-02-1662, February 27, 2004] ___ So.2d ___ (Ala.Crim.App. 2004); Whitson v. State, 891 So.2d 421
(Ala.Crim.App. 2004); Baker v. State, 805 So.2d 241, 244
(Ala.Crim.App. 2004); Campbell v. State, 883 So.2d 1271
(Ala.Crim.App. 2003); Jackson v. State, 854 So.2d 157
(Ala.Crim.App. 2002); Goldsmith v. State, 709 So.2d 1352
(Ala.Crim.App. 1997). "[T]he circuit court's order dismissing [the appellant's] petition was void because that court did not have jurisdiction to entertain the petition. A void judgment will not support an appeal. . . ." Madden v. State, 885 So.2d 841,844 (Ala.Crim.App. 2004) (opinion on return to remand).
On May 7, 2004, this Court issued an order remanding the case to the circuit court for the limited purpose of supplementing the record with written findings on Hyde's in forma pauperis request. This Court's order stated:
 "The Court of Criminal Appeals orders that this case be and the same is hereby remanded to the trial court with directions that the record on appeal be supplemented with the trial court's written findings or other sufficient proof as to whether it granted the appellant's motion to prosecute his petition in forma pauperis or whether the appellant paid a filing fee before the trial court rendered the judgment now being appealed."
The circuit court response to this Court's order contains its May 7, 2004, ruling granting Hyde's request for in forma pauperis status. However, the circuit court also issued an order allowing Hyde to supplement and amend his Rule 32 petition. *Page 810 
"`On remand, the issues decided by the appellate court become law of the case and the trial court's duty is to comply with the appellate mandate "according to its true intent and meaning, as determined by the directions given by the reviewing court."'" Lynch v. State, 587 So.2d 306, 307 (Ala. 1991), quoting Walkerv. Carolina Mills Lumber Co., 441 So.2d 980 (Ala.Civ.App. 1983). The circuit court was limited to the scope of our remand order. Here, the circuit court exceeded that scope in directing Hyde to supplement and amend his Rule 32 petition. Therefore, the action taken in the circuit court is void for lack of jurisdiction.Lynch.
Hyde is attempting to appeal from a void judgment. A void judgment will not support an appeal. Madden, supra. The circuit court has granted Hyde's request to proceed in forma pauperis. Rule 24, Ala.R.App.P. Hyde's Rule 32 petition stands filed as of the date of its original filing. The circuit court is directed to proceed with Hyde's Rule 32 petition. At the end of the proceedings if Hyde is denied relief he may then appeal that ruling to this Court.
This appeal is due to be, and is hereby, dismissed.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
 *Page 277