JOINER, Judge,
dissenting.
I respectfully dissent from this Court’s order remanding this case to the Dale Circuit Court.
This case is before this Court on appeal from the circuit court’s summary dismissal of Rickey Crittendon’s Rule 32, Ala. R.Crim. P., petition for postconviction relief challenging his May 22, 1983, convictions for first-degree rape, first-degree sodomy, and first-degree burglary, and his resulting concurrent sentences of 60 years’ imprisonment. Without requiring a response from the State, the circuit court issued an order summarily dismissing Crittendon’s petition. Crittendon then filed a postjudgment motion entitled “Answer and Objection to the Court’s Order Entered on April 3, 2013, Dismissing Petitioner’s Rule 32, Petition For Post Conviction Relief,” in which, as this Court’s order explains, Crittendon argued:
“[T]hat the circuit court did not have jurisdiction to dismiss his petition be *28 cause his application to proceed in forma pauperis was not granted....
“Crittendon [also] contended in his postjudgment motion, that the Honorable Kenneth W. Quattlebaum, the circuit judge who presided over his Rule 32 petition, should have recused from presiding over Crittendon’s Rule 32 petition because Judge Quattlebaum ‘represented the petitioner on appeal in this same case which resulted in a complaint being filed by the petitioner against [the circuit judge] with the Alabama Bar Association.’ (C. 33.)-”
(Emphasis in original.) The circuit court denied Crittendon’s postjudgment motion, and Crittendon appealed.
On appeal, Crittendon argues, among other things, that Judge Quattlebaum should have “recused himself from hearing this petition based on the fact that he represented [Crittendon] on appeal on this same case that resulted in a complaint being filed by [Crittendon] against Judge Quattlebaum with the Alabama Bar Association.” (Crittendon’s brief, pp. 5-6.)
This Court, in its order remanding this case to the circuit court, finds that “the record does not affirmatively show either that the circuit court granted Crittendon’s request to proceed in forma pauperis, or that Crittendon paid the required filing fee,” and remands this case for the circuit court to make specific, written findings of fact as to whether, before ruling on Crit-tendon’s Rule 32 petition, the circuit court granted Crittendon’s petition to proceed in forma pauperis or whether Crittendon paid the required filing fee. This Court further instructs the circuit court that, if it determines that it did, in fact, grant Critten-don’s petition to proceed in forma pauperis or Crittendon did pay the required filing fee, it must make additional specific, written findings of fact “clarifying whether [the circuit court judge] represented Crit-tendon on the appeal from the denial of an error coram nobis challenging his May 22, 1983, convictions for first-degree rape, first-degree robbery, and first-degree burglary in CC-83-151.”
This Court’s order, by first requiring Judge Quattlebaum to make specific, written findings of fact as to whether he granted Crittendon’s petition to proceed in for-ma pauperis or whether Crittendon paid the required filing fee, treats the question of whether Judge Quattlebaum is qualified to preside over this case as an issue secondary in importance to a question of subject-matter jurisdiction. This Court’s logic for doing so is grounded in the principle that “[a] circuit court does not obtain subject-matter jurisdiction of a Rule 32 petition until either a filing fee has been paid or a request to proceed in forma pauperis has been granted.” Hyde v. State, 894 So.2d 808, 809 (Ala.Crim.App.2004). Although that principle is correct, a circuit court may rule on a petition to proceed in forma pauperis only if it is qualified to do so. Thus, I believe this Court’s instructions to Judge Quattlebaum in this matter are erroneous.
Alabama law is clear: But for limited exceptions not applicable here, if a circuit judge is required to disqualify himself from a proceeding he can take no further action in that proceeding other than to enter an order recusing himself. See, e.g., Ex parte Jim Walter Homes. Inc., 776 So.2d 76, 80 (Ala.2000) (“Therefore, in order to avoid the appearance of impropriety, we hold that after a judge presiding in a particular case has been disqualified from hearing that case, under the Canons of Judicial Ethics, either voluntarily or by objection, he or she can take no further action in that ease, not even the action of reassigning the case under Rule 13, Ala. R. Jud. Admin.”).
*29 Although this Court’s order treats a circuit judge’s qualification to preside over a case as an issue of secondary importance, the Alabama Supreme Court’s decision in Jim Walter Homes suggests that once facts are presented to the circuit judge calling into question his qualifications to preside over a case, the circuit judge can take no action in that case until he first resolves the qualification question. To read Jim Walter Homes any other way would allow a circuit judge who has been presented with facts warranting his disqualification to avoid making a determination as to his qualification and continue to make rulings in a case in which the circuit judge may not be qualified to act.
Canon 3.C.(1), Aabama Canons of Judicial Ethics, governs the disqualification of a judge from a proceeding. The Canons of Judicial Ethics “are not merely guidelines for proper judicial conduct. It is well-settled that the Canons of Judicial Ethics have the force and effect of law. Ala. Const. 1901, amend. 317. Wallace v. Wallace, 352 So.2d 1376, 1378 n. 1 (Ala.Civ.App.1977).” Matter of Sheffield, 465 So.2d 350, 355 (Ala.1984).
Canon 3.C.(1), states, in part:
“(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
“(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it.”
(Emphasis added.) The Alabama Supreme Court has explained that it is a judge’s responsibility to remove himself from a case when he is disqualified and that “failure to disqualify himself in a particular case, when required to do so by the Canons, may subject the judge to an inquiry if a complaint is filed with the Judicial Inquiry Commission.” Ex parte Cotton, 638 So.2d 870, 872 (Ala.1994). See also Sheffield, supra (affirming the Court of the Judiciary’s sanction of two months’ suspension without pay when a judge failed to disqualify himself where his impartiality might be questioned).
Thus, to comply with both Jim Walter Homes and Canon 3.C.(1), Judge Quattleb-aum should first determine whether he did, in fact, represent Crittendon in a prior proceeding in this matter; if so, Judge Quattlebaum is required by law — under Canon 3.C.(l)(b) — to disqualify himself from the proceeding and can take no action in this case, including making findings of fact with regard to Crittendon’s petition to proceed in forma pauperis. See, e.g., Ex parte Jim Walter Homes, Inc., supra.
This Court’s order instructing Judge Quattlebaum to first answer the in forma pauperis question before addressing the question regarding his qualification demonstrates the absurd result that may be reached by treating a circuit judge’s qualification as an issue of secondary importance. Specifically, under this Court’s instructions on remand, Judge Quattlebaum may be required to find that he did, in fact, grant Crittendon’s petition to proceed in forma pauperis and immediately thereafter find that he previously represented Crittendon in this matter — a fact that would require Judge Quattlebaum to disqualify himself from the proceeding. This procedure, at best, is illogical and, at worst, requires Judge Quattlebaum to violate the Canons of Judicial Ethics by failing to disqualify himself from a proceeding when he is required to do so. Such action potentially subjects Judge Quattlebaum to *30 a disciplinary proceeding by the Judicial Inquiry Commission.
Thus, to comply with both Jim Walter Homes and Canon 3.C.(1), I would remand this case for Judge Quattlebaum to first determine whether he should disqualify himself under Canon 3.C.(l)(b), and, if disqualification is required, Judge Quattleb-aum should enter an order disqualifying himself from the proceeding; at that point, this case would be reassigned to a different circuit judge for that judge to make specific, written findings of fact as to whether Crittendon’s petition to proceed in forma pauperis was granted or whether Crittendon paid the required filing fee.
Additionally, I am concerned that this Court’s remand order places Judge Quatt-lebaum in the untenable position of choosing either to follow this Court’s instructions on remand or to ignore this Court’s instructions and follow the Canons of Judicial Ethics and disqualify himself from this proceeding without first making any specific, written findings of fact.
Therefore, I encourage Judge Quattleb-aum to consider seeking extraordinary relief in the Alabama Supreme Court and/or to consider seeking an advisory opinion from the Judicial Inquiry Commission.[1]
Even apart from which question Judge Quattlebaum should first answer on remand, I do not think a remand is required for additional findings as to either question. As to whether Judge Quattlebaum previously represented Crittendon “on the appeal from the denial of an error coram nobis challenging his May 22, 1983, convictions for first-degree rape, first-degree robbery, and first-degree burglary in CC-83-151,” the record before this Court in this appeal, and also in a previous appeal filed by Crittendon, demonstrates that Judge Quattlebaum previously represented Crittendon. As this Court’s remand order explains:
“Crittendon provided, as an exhibit to his postjudgment motion a copy of the title page from a brief written by a Kenneth W. Quattlebaum in Crittendon v. State, 4 Div. 519, a case appealed to this Court and affirmed on October 8, 1985. (This ease, 4 Div. 519, is listed in a table of unpublished memorandums in the Southern Reporter as Crittendon v. State, 482 So.2d 304 (Ala.Crim.App.1985) (table)). Crittendon reasserted this claim on appeal. An examination of this Court’s docket sheet in 4 Div. 519 reveals that two cases, 4 Div. 519 and 4 Div. 519-A, were consolidated. Both of these cases were appeals from the denial of a petition for a writ of error coram nobis in which Crittendon was represented by a Kenneth W. Quattlebaum.”
Additionally, Crittendon also attached to his postjudgment motion a case-action-summary sheet from case no. CC-01-89.60, which includes an entry dated February 4, 2003, signed by Judge Quattleb-aum. That entry states:
“Case called for Rule 32 hearing. Def moved for recusal of the undersigned on grounds that the undersigned had previously represented petitioner on appeal of a prior criminal conviction resulting in petitioner’s filing a grievance against the undersigned. The court finds that the *31 motion should be granted and gives notice of recusal. The clerk shall submit this case to Judge McLauchlin for reassignment.”
(C. 41.) This same case-action-summary sheet appears in this Court’s record in Ex parte Crittenden (No. CR-04-1334, June 8, 2005), 926 So.2d 1093 (Ala.Crim.App.2005) (table),[2] in which this Court denied a petition for a writ of mandamus filed by Crit-tendon in a Rule 32 proceeding in cases no. CC-01-89.60 and CC-01-89.61. (Critten-don’s Petition for a Writ of Mandamus, Exhibit A.) Additionally, in that appeal, Judge Quattlebaum and Judge P.B. McLauchlin, Jr., filed a joint response in which they acknowledge that Judge Quatt-lebaum had recused himself from the proceedings. (Response to Petition for a Writ of Mandamus, p. 2.)
As set out above, under Canon 3.C.(l)(b), a judge is required to disqualify himself in a proceeding if “[h]e served as a lawyer in the matter in controversy.” Although Judge Quattlebaum did not represent Crittendon in case no. CC-01-89, he determined, in that case, that recusal was required because he had represented Crit-tendon in a prior criminal proceeding.
In Sheffield, 465 So.2d at 357, the Alabama Supreme Court explained:
“As stated in Canon 1 of the Code of Judicial Ethics, ‘An independent and honorable judiciary is indispensable to justice in our society,’ and this requires avoiding all appearance of impropriety, even to the point of resolving all reasonable doubt in favor of recusal.”
(Emphasis in original.) Thus, here, because Judge Quattlebaum previously represented Crittendon in a criminal matter that resulted in Crittendon’s filing a complaint against Judge Quattlebaum with the Alabama State Bar, and Judge Quattleb-aum has previously recused himself from another case in which Crittendon was a defendant for that very same reason, to avoid “all appearance of impropriety” recu-sal is also required in this case, and Judge Quattlebaum erred when he denied Crit-tendon’s postjudgment motion.[3]
As to whether Judge Quattlebaum granted Crittendon’s petition to proceed in forma pauperis, the record on appeal includes the circuit court’s order summarily dismissing Crittendon’s Rule 32 petition, in which the circuit court stated that “court costs are remitted.” (C. 30.) Those “court costs” would necessarily include the required filing fee. Thus, the record on appeal establishes that the circuit court waived the filing fee and that Crittendon was allowed to proceed in forma pauperis.
Accordingly, I dissent.
BURKE, J., concurs.

. In recommending that Judge Quattlebaum seek an advisory opinion from the Judicial Inquiry Commission I do not intend to imply that an advisory opinion from the Judicial Inquiry Commission can overrule this Court’s instructions or absolve Judge Quattlebaum of his duty to follow the instructions of a superi- or appellate court; instead, I recommend seeking an advisory opinion from the Judicial Inquiry Commission in an attempt to provide Judge Quattlebaum a safe harbor before engaging in conduct that may violate the Canons of Judicial Ethics.

. In CR-04-1334 Crittendon’s name is spelled "Crittenden.”

. Although I believe that disqualification is required in this case, I recognize that Judge Quattlebuam's failure to disqualify himself from this proceeding was likely an oversight occasioned by the great length of time between his representation of Crittendon in 1985 and the filing of this Rule 32 petition in 2012, and the high volume of cases handled by Judge Quattlebaum in that period.