PER CURIAM.
 

 Matthew Ryan Parker (“the father”) appeals from a judgment of the Montgomery Circuit Court denying his custody-modification petition.
 

 On August 17, 2000, the trial court entered a judgment divorcing the father and Mary Ann Parker (“the mother”); that judgment awarded the mother and the father joint legal custody of the child and awarded the mother sole physical custody of the child. On March 17, 2006, the father filed a custody-modification petition; at the same time, the father filed a motion for an ex parte hearing regarding penden-te lite custody in which he alleged, in part, that the mother had suffered from bipolar disorder, that the mother had abused prescription drugs, that the child had accrued excessive absences from school while in the mother’s care, and that the mother had maintained only sporadic employment. In her response to the father’s motion, the mother attached an affidavit from her doctor in which he stated that the mother had not abused prescription drugs and that she had controlled her bipolar disorder through treatment. Nevertheless, the trial court entered an order transferring custody of the child to the father pendente lite.
 

 The trial court appointed a special master to conduct a hearing on pending matters including child support. A guardian ad litem was appointed for the child. After a pendente lite hearing, the special master made certain findings of fact and recommended that custody of the child be returned to the mother, that the original visitation schedule be reinstated, and that the matters of attorney fees and guardian-ad-litem fees be reserved for the final hearing.
 

 The trial court then scheduled a final hearing on the father’s custody-modification petition. The father successfully sought to have the mother tested for illegal-drug use, and the test results indicated that the mother had no illegal drugs in her system. After numerous continuances, a hearing on the custody-modification petition was eventually set for August 7, 2007. The mother filed a motion for a status conference; the trial court granted that motion and conducted a status conference on June 18, 2007, at which neither the mother nor the father were present. Two days following the status conference, the trial court sua sponte entered a judgment denying the father’s custody-modification petition without holding an evidentiary hearing on the matter. At the same time, the trial court granted the father’s attorney’s request to withdraw from the case.
 

 
 *569
 
 The mother filed a motion pursuant to Rule 59(e), Ala. R. Civ. P., requesting the court to enter an order requiring the father to pay her attorney’s fee, the guardian-ad-litem fee, and the drug-test fees; in addition, the mother requested that the trial court increase the father’s child-support obligation. The father filed a “response” to that motion more than 30 days after the judgment had been entered. In his “response,” the father argued numerous points to support his original custody-modification request and again sought a hearing on the matter. After the trial court elected not to alter, amend, or vacate its judgment, the father timely appealed to this court.
 

 Among other arguments, the father posits on appeal that the trial court violated his due-process rights by entering a judgment without conducting a hearing on the merits of his custody-modification petition. Based upon the peculiar procedural history of this case, we are compelled to agree with the father; thus, we pretermit consideration of the other issues asserted by the father on appeal.
 

 It is well settled that “[i]n dealing with such a delicate and difficult question — the welfare of a minor child — due process of law in legal proceedings should be observed,” which necessarily includes “a hearing or opportunity to be heard before a court of competent jurisdiction.”
 
 Danford v. Dupree,
 
 272 Ala. 517, 520, 132 So.2d 734, 735-36 (1961). In this case, the trial court has failed to afford the father a full and fair opportunity to be heard, having entered a judgment denying the father’s petition based solely upon statements of counsel at a hearing called by the trial court as a status conference rather than upon testimony and other evidence received at a final hearing. “The unsworn statements, factual assertions, and arguments of counsel are not evidence.”
 
 Ex parte Russell,
 
 911 So.2d 719, 725 (Ala.Civ.App.2005). Further, while the mother’s postjudgment motion was pending, and the judgment itself thus remained in the breast of the court,
 
 [1]
 
 the father advised the trial court that he had been “denied his right to a final hearing.”
 

 In this case, the trial court set a date for a hearing on the merits of the father’s custody-modification petition. However, before that day had arrived, the trial court decided the matter after holding a status conference without giving the father notice that the merits of the case would be determined at the conference and without giving the father an opportunity to be heard, thereby violating the father’s right to due process. Therefore, the judgment is erroneous, and we reverse the judgment and remand the cause for further proceedings consistent with this opinion. In light of the disposition of this case, the appellee’s request for an attorney fee is denied.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 BRYAN, J., recuses himself.
 

 [1]
 

 . We note that “a trial court retains the power to correct
 
 sua sponte
 
 any error in its judgment that comes to its attention during the pendency of a party's Rule 59(e)[, Ala. R. Civ. P.J motion to alter, amend, or vacate the judgment, regardless of whether the error was alleged....”
 
 Henderson v. Koveleski,
 
 717 So.2d 803, 806 (Ala.Civ.App.1998).