MOORE, Judge.
 

 On May 14, 2008, Stella Shamburger, in her individual capacity, filed an unlawful-detainer action against Diane Lambert. In that action, Shamburger alleged that
 
 *1141
 
 Lambert was residing "without permission and without paying rent on property that had become part of the probate estate of Aldine White; Shamburger had previously been appointed as the personal representative of White’s estate. On July 10, 2008, the Mobile District Court (“the district court”) ordered Lambert to vacate the premises within seven days and to pay Shamburger $7,500 in back rent. Lambert filed a timely motion to alter, amend, or vacate the judgment, arguing that the district court lacked subject-matter jurisdiction; the district court denied that motion on July 28, 2008. Lambert then filed a notice of appeal to the Mobile Circuit Court (“the circuit court”) on September 5, 2008; the action in the circuit court was assigned case number CV-08-1722.
 

 On September 8, 2008, Shamburger filed a motion to dismiss the notice of appeal on the ground that it had not been timely filed. Before the circuit court ruled on that motion, Lambert filed a petition for a writ of mandamus in case number CV-08-1722 on October 9, 2008. In that petition, Lambert requested that the circuit court issue a writ instructing the district court to vacate the July 10, 2008, judgment on the ground that the district court had lacked subject-matter jurisdiction to enter the judgment. On October 17, 2008, the circuit court entered the following judgment:
 

 “[Lambert] filed a Petition for Writ of Mandamus directing the District Court of Mobile County to set aside the judgment in DV-2009-900894,
 
 Shamburger v. Lambert
 
 for lack of subject-matter jurisdiction. [Shamburger] brought suit in her individual capacity, not in her capacity as personal representative of the estate of Aldine White. [Shamburger] lacks standing to sue in her individual capacity. Thus, the District Court of Mobile County is without subject-matter jurisdiction. Accordingly, Defendant’s Petition for Writ of Mandamus directing the District Court of Mobile County to set aside the judgment [in] DV-2008-900894
 
 Shamburger v. Lambert
 
 for lack of subject-matter jurisdiction is hereby GRANTED.”
 
 [1]
 

 On October 22, 2008, Shamburger filed a “motion to reconsider” in which she asserted that she was the duly-appointed personal representative of the estate of Aldine White and that she had the right to bring the unlawful-detainer action in her own name pursuant to Rule 17, Ala. R. Civ. P. Shamburger also filed a motion to substitute herself in her capacity as the personal representative of the estate of Aldine White as the proper party plaintiff. The circuit court denied both motions by orders dated October 23, 2008.
 

 On December 3, 2008, Shamburger filed a petition for a writ of mandamus with this court. This court elected to treat the petition as an appeal.
 
 See Weaver v. Weaver,
 
 4 So.3d 1171 (Ala.Civ.App.2008). Sham-burger raises three issues on appeal: (1) that the circuit court erred when it failed to dismiss Lambert’s appeal from the district court as untimely; (2) that the circuit court erred in considering Lambert’s petition for a writ of mandamus after Lambert had allowed the time to file an appeal to expire; and (3) that the circuit court erred when it denied Shamburger’s motion to substitute Shamburger, in her capacity as the personal representative of the estate, as the real party in interest. Because we conclude that the resolution of the first two issues are dispositive, we decline to address the third issue raised by Sham-burger.
 

 
 *1142
 
 The circuit court should have dismissed Lambert’s appeal. Section 6-6-350, Ala.Code 1975, which governs unlawful-detainer actions, provides, in pertinent part:
 

 “Any party may appeal from a judgment entered against him or her by a district court to the circuit court at any time within seven days after the entry thereof, and appeal and the proceedings thereon shall in all respects, except as provided in this article, be governed by this code relating to appeal from district courts.”
 

 The district court entered its final judgment on July 10, 2008. Lambert filed her motion to alter, amend, or vacate the judgment on July 21, 2008.
 
 See
 
 Rule 59(dc), Ala. R. Civ. P.
 
 [2]
 
 The district court denied that motion on July 22, 2008. According to § 6-6-350, Lambert had until July 29, 2008, at the latest, to file her notice of appeal. Lambert did not file her notice of appeal until September 5, 2008. The failure to file a timely notice of appeal is a jurisdictional defect that prevented the circuit court from acquiring jurisdiction over the appeal.
 
 See Kennedy v. Merriman,
 
 963 So.2d 86, 88 (Ala.Civ.App.2007). “A court must dismiss an appeal for lack of jurisdiction if a party does not appeal within the time prescribed by statute.”
 
 Flannigan v. Jordan,
 
 871 So.2d 767, 770 (Ala.2003).
 

 Rather than dismiss the appeal, the circuit court purported to grant Lambert’s petition for a writ of mandamus filed on October 9, 2008. A petition for writ of mandamus is a proper means to review questions of subject-matter jurisdiction.
 
 Ex parte Davidson,
 
 782 So.2d 237, 240 (Ala.2000). However, in order to show entitlement to mandamus relief, a petitioner must show “(1) a clear legal right to the order sought; (2) an imperative duty upon the trial court to perform, accompanied by its refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the Court.”
 
 Ex parte Davis,
 
 930 So.2d 497, 499 (Ala.2005). “ ‘A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal.’ ”
 
 Ex parte Moore,
 
 880 So.2d 1131, 1133 (Ala.2003) (quoting
 
 Ex parte Empire Fire & Marine Ins. Co.,
 
 720 So.2d 893, 894 (Ala.1998)).
 

 In this case, Lambert had at least two other adequate remedies. First, Lambert could have raised lack of standing in a timely appeal to the circuit court.
 
 See Ex parte R.S.C.,
 
 853 So.2d 228 (Ala.Civ.App.2002) (holding that petitioner had adequate remedy by appeal to attack plaintiffs alleged lack of standing and, therefore, petition for a writ of mandamus was inappropriate means by which to seek relief). Second, Lambert could have filed a Rule 60(b)(4), Ala. R. Civ. P., motion in the district court. In her postjudgment motion filed in the district court on July 21, 2008, Lambert did not assert lack of standing as a jurisdictional defect. Nevertheless, Rule 60 allows a party to move to set aside a judgment that is void for lack of subject-matter jurisdiction at any time.
 
 See Ex parte Full Circle Distribution, L.L.C.,
 
 883 So.2d 638, 643 (Ala.2003). The district court retained jurisdiction over the case to rule on such a motion because, as explained above, the circuit court had not acquired jurisdiction over the appeal be
 
 *1143
 
 cause of the untimely filing of Lambert’s notice of appeal. Because Lambert had adequate remedies available to her, the circuit court erred in considering the petition for a writ of mandamus.
 

 For the foregoing reasons, we reverse the October 17, 2008, judgment granting the petition for a writ of mandamus and order the circuit court to vacate that judgment and dismiss all proceedings in that court.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ, concur.
 

 [1]
 

 . By granting Lambert’s petition for the writ of mandamus and issuing the writ, the circuit court effectively rendered Lambert's appeal moot.
 

 [2]
 

 . Although § 6-6-350 grants only 7 days within which to file an appeal in unlawful-detainer actions, Rule 59(dc) grants a party 14 days to file a postjudgment motion in civil cases in the district court. We need not resolve this apparent conflict in this case because Lambert missed the appeal deadline even if it was extended by the filing of her postjudgment motion.