BRYAN, Judge.
This mandamus proceeding arises out of a custody dispute within a dependency proceeding currently pending in the Jefferson Juvenile Court, Bessemer Division (“the juvenile court”). K.L. (“the child”), born June 23, 2006, was found dependent by the juvenile court on June 28, 2006. On May 10, 2007, R.W. and D.W. (“the custodians”) were awarded joint custody of the child with M.W.[1]
Qn May 23, 2007, N.H., the child’s half sister, filed a motion to intervene in the dependency action; in that motion, N.H. requested custody of the child and alleged that she had maintained continuous and meaningful contact with the child throughout the child’s life. N.H. also filed a motion to reconsider the juvenile court’s May 10, 2007, order awarding joint custody of the child to the custodians and M.W., alleging that the child’s biological mother and father had agreed to allow N.H. and her husband to adopt the child. The juvenile court denied N.H.’s motions on May 24, 2007. After filing a motion to reconsider the order denying her motion to intervene, N.H.’s request to intervene in the dependency action was purportedly granted on June 8, 2007.[2]
N.H. was awarded visitation with the child at a hearing on October 12, 2007. Custody of the child remained with the custodians jointly with M.W. The juvenile court entered an order on July 17, 2008, that awarded N.H. increased visitation with the child and denied a motion filed by the custodians and M.W. to “close the matter” and also denied their alternative motion to transfer the matter to the Shelby Juvenile Court.
On or about August 20, 2008, the custodians filed a petition to adopt the child in the probate court of Shelby County (“the Shelby Probate Court”). The custodians stated in their petition to adopt that the child’s birth mother had signed a “post-birth relinquishment” on August 13, 2008, and that J.D.L., who they asserted was the child’s legal father, was deceased.
On September 16, 2008, the juvenile court noted that there was no order in the court’s file granting N.H.’s motion to inter *802 vene and that her October 2007 motion to intervene was, therefore, denied by operation of law. See note 2, supra. However, N.H.’S visitation award remained unchanged.
On October 10, 2008, N.H. filed a second petition for custody of the child; the juvenile court assigned that petition a separate case no. —JU-08-700841. N.H. also filed a second motion to intervene in the dependency action, which had been assigned ease no. JU-06-700480. On December 2, 2008, the juvenile court granted N.H.’s motion to intervene and consolidated case nos. JU-06-700480 and JU-08-700841. The December 2, 2008, order also contained a notation by the juvenile court stating that “any procedures regarding adoption as to [the child] shall be stayed until conclusion of custody trial.”
On May 19, 2009, N.H. filed a petition for a rule nisi alleging that the custodians were in contempt of court because they had violated the juvenile court’s December 2, 2008, order insofar as it ordered a stay of the adoption proceeding pending in Shelby Probate Court. On or about May 19, 2009, the custodians filed a motion to amend the December 2, 2008, order insofar as it purported to order a stay of the adoption proceeding pending in Shelby Probate Court.
There is an indication in the record that a final hearing on N.H.’s custody petition was scheduled in the juvenile court for June 22, 23, and 24, 2009. However, both N.H. and the custodians agree that the June 22 hearing was not completed due to an emergency involving the juvenile court judge and that the custody hearing was not resumed. The custodians allege that the only testimony heard by the juvenile court was the direct examination of N.H. by her counsel; however, the direct examination of N.H. was apparently not completed. The trial court entered an order on July 23, 2009, awarding pendente lite custody of the child jointly to the custodians and N.H. N.H.’s standard visitation schedule remained in place.
On August 6, 2009, 14 days after the entry of the order awarding pendente lite joint custody to N.H. and the custodians, the custodians filed the first of two petitions for a writ of mandamus with this court.[3] The custodians’ first petition for a writ of mandamus was assigned case no. 2081033. In that petition, the custodians present two issues for this court to review: first, whether the juvenile court violated their due-process rights by denying them an opportunity to be heard before modifying custody of the child, and, second, whether the juvenile court erred by entering that part of the December 2, 2008, order purporting to stay the adoption proceedings pending in Shelby Probate Court.
While the custodians’ first petition for a writ of mandamus was pending in this court, the juvenile court held a hearing on August 14, 2009. The custodians were not present at that hearing, apparently because their attorney had told them that their presence was not required.[4] The juvenile court entered an order on August 14, 2009, continuing the pendente lite joint custody award and denying the custodians’ motion to vacate the July 23, 2009, order awarding pendente lite joint custody of the child to N.H. and the custodians. The juvenile court reserved ruling on N.H.’s petition for a rule nisi.
*803 The custodians filed a second petition for a writ of mandamus with this court on August 28, 2009,14 days after the entry of the August 14, 2009, order. That petition was assigned case no. 2081104. The custodians’ second petition for a writ of mandamus presents only one issue: whether the juvenile court, in its August 14, 2009, order, erred by “reaffirming” that part of the December 2, 2008, order purporting to order a stay of the adoption proceedings pending in Shelby Probate Court and by reserving ruling on the issue of the custodians’ alleged contempt. This court consolidated the custodians’ two petitions for a writ of mandamus for the purposes of issuing one opinion.
“The writ of mandamus is an extraordinary legal remedy. Ex parte Mobile Fixture & Equip. Co., 630 So.2d 358, 360 (Ala.1993). Therefore, this Court will not grant mandamus relief unless the petitioner shows: (1) a clear legal right to the order sought; (2) an imperative duty upon the trial court to perform, accompanied by its refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the Court. See Ex parte Wood, 852 So.2d 705, 708 (Ala.2002).”
Ex parte Davis, 930 So.2d 497, 499 (Ala. 2005).
In their petition for writ of mandamus relating to the July 23, 2009, order, the custodians first argue that the juvenile court’s pendente lite order awarding joint custody of the child to them and N.H. was a violation of their due-process rights because the juvenile court modified custody of the child without providing the custodians an opportunity to be heard. We first note that the custodians have properly sought review of the juvenile court’s July 23, 2009, pendente lite custody order by filing a petition for a writ of mandamus. See Trevino v. Blinn, 897 So.2d 358, 361 (Ala.Civ.App.2004) (“A petition for [a writ of] mandamus pursuant to Rule 21, Ala. RApp. P., and not an appeal, is the proper mechanism available to a party who deems himself or herself aggrieved by a pendente lite custody order....”).
In her response to the custodians’ petition for a writ of mandamus, N.H. argues that the custodians are not biologically related to the child and that, therefore, they should not be afforded the same due-process protection guaranteed to a parent. See, e.g., Ex parte Russell, 911 So.2d 719 (Ala.Civ.App.2005). We disagree. “It is well settled that ‘[i]n dealing with such a delicate and difficult question — the welfare of a minor child — due process of law in legal proceedings should be observed,’ which necessarily includes ‘a hearing or opportunity to be heard before a court of competent jurisdiction.’ ” Parker v. Parker, 10 So.3d 567, 569 (Ala.Civ.App.2008) (quoting Danford v. Dupree, 272 Ala. 517, 520, 132 So.2d 734, 735-36 (1961)). We cannot conclude that due-process guarantees regarding the “delicate and difficult” matter of determining the best interests of a child should not be observed in this case simply because the custodians are not the child’s natural parents.
N.H. does not dispute that the custodians did not have an opportunity to be heard at the June 22, 2009, hearing. The custodians — the couple who at the time of the June 22, 2009, hearing had been caring for the child for two years — were not given the opportunity to offer testimony on their own behalf or to cross-examine N.H. and possibly impeach her testimony. In Ex parte Devine, 398 So.2d 686, 696-97 (Ala. 1981), our supreme court set forth a list of factors for a trial court to consider when fashioning a custody award that would be in the best interest of a child. Although Devine involved a custody dispute between two parents, several of the factors listed *804 by the supreme court in Devine are applicable in a custody case arising out of a dependency proceeding such as this case. Those factors include: the “emotional, social, moral, material and educational needs [of the child]; the respective home environments offered by the parties; [and] the characteristics of those seeking custody, including age, character, stability, mental and physical health....” Id. at 696. We cannot conceive how the juvenile court was able to determine an appropriate pendente lite custody award based on the best interest of the child without hearing evidence of those factors from both N.H. and the custodians. Therefore, we conclude that the juvenile court erred in modifying custody of the child without providing the custodians an opportunity to be heard. The custodians are entitled to a writ of mandamus directing the juvenile court to vacate the July 23, 2009, order insofar as it awarded pendente lite joint custody of the child to the custodians and N.H.
The custodians also argue, in their petition for writ of mandamus relating to the July 23, 2009, order, that the part of the December 2, 2008, order purporting to stay the adoption proceedings in the Shelby Probate Court is void because the juvenile court did not have jurisdiction to stay the adoption proceedings pending in another court in another county. However, as a procedural matter, this court cannot grant the custodians’ petition for a writ of mandamus on this basis. Pursuant to Rule 21(a)(3), Ala. R.App. P., the custodians were required to file a petition for a writ of mandamus within a reasonable time after the juvenile court issued its interlocutory order purporting to stay the adoption proceedings pending in Shelby Probate Court.
“Rule 21(a)(3), Ala. R.App. P., provides that a petition for an extraordinary writ directed to an appellate court, such as this court, ‘shall be filed within a reasonable time’ and that the presumptively reasonable time for filing a petition seeking review of a trial court’s order ‘shall be the same as the time for taking an appeal.’ In juvenile actions, an appeal must be taken within 14 days of the entry of the judgment or order appealed from. Rule 4(a)(1)(E), Ala. R.App. P.; Rule 28(C), Ala. R. Juv. P. ...
“ ‘When a petition for a writ of mandamus has not been filed within a presumptively reasonable time, the petition “shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.” Rule 21(a)(3), Ala. R.App. P. “The filing of such a statement in support of an untimely petition for a writ of mandamus is mandatory.” Ex parte Fiber Transp. L.L.C., 902 So.2d 98, 100 (Ala.Civ.App.2004) (citing Ex parte Pelham Tank Lines, Inc., 898 So.2d 733, 736 (Ala.2004), and Ex parte Troutman Sanders, [LLP,] 866 So.2d [547] at 550 [ (Ala. 2003) ]).’
“[Ex parte Onyx Waste Servs. of Florida,] 979 So.2d [833] at 835 [ (Ala.Civ.App.2007) ]. The failure either to file a petition within the presumptively reasonable time or to provide a statement of good cause for not timely fifing the petition mandates denial of the requested relief. Id.; see also Ex parte Hoyt, 984 So.2d 424, 426 (Ala.Civ.App. 2007).”
Ex parte C.J.A., 12 So.3d 1214, 1215-16 (Ala.Civ.App.2009).
Although the custodians did file their first petition for a writ of mandamus within a presumptively reasonable time after the entry of the July 23, 2009, order, the custodians are also seeking relief from an *805 order entered by the juvenile court on December 2, 2008. Pursuant to Rule 21(a)(3), in order to comply with the “presumptively reasonable” time limitations set forth in that rule, the custodians were required to file a petition for a writ of mandamus challenging the juvenile court’s December 2, 2008, order by December 16, 2008. The custodians did not file a petition for a writ of mandamus regarding the December 2, 2008, order until August 6, 2009 — well beyond the 14-day presumptively reasonable time set forth in Rule 21(a)(3). Furthermore, the custodians’ petition for a writ of mandamus contains no statement of good cause for not timely filing the petition. See Rule 21(a)(3). Therefore, the denial of the custodians’ requested relief is mandated.[5]
In their second petition for a writ of mandamus, filed in response to the juvenile court’s August 14, 2009, order, the custodians essentially reiterate their argument that the juvenile court was in error for ordering, on December 2, 2008, that the adoption proceedings pending in Shelby Probate Court should be stayed pending the conclusion of the custody case in the juvenile court. The custodians claim that the juvenile court “reaffirmed” the December 2, 2008, order in its August 14, 2009, order by reserving ruling on the issue of the custodians’ alleged contempt for continuing to prosecute the adoption proceedings in Shelby Probate Court.
We agree that “[a] petition for writ of mandamus is a proper means to review questions of subject-matter jurisdiction.” Shamburger v. Lambert, 24 So.3d 1139, 1142 (Ala.Civ.App.2009) (citing Ex parte Davidson, 782 So.2d 237, 240 (Ala.2000)). Nevertheless, the custodians are required, as is this court, to abide by the procedural mandates of Rule 21, which designates the proper procedure for petitioning an appellate court for a writ of mandamus. Although the custodians’ second petition for a writ of mandamus was filed within 14 days of the entry of the August 14, 2009, order, the relief that the custodians seek— an order vacating the juvenile court’s December 2, 2008, order insofar as it purported to order a stay of the adoption proceedings pending in Shelby Probate Court— stems from the December 2, 2008, order and not from the August 14, 2009, order. Furthermore, the custodians’ second petition for a writ of mandamus also fails to include a statement of good cause as to why that petition was filed beyond the presumptively reasonable time set forth in Rule 21(a)(3). Therefore, because the custodians’ second petition for a writ of mandamus failed to comply with Rule 21(a)(3), we must deny the relief requested. See Ex parte C.J.A., supra; and note 5, supra.
2081033 — PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
2081104 — PETITION DENIED.
*806 PITTMAN, J., concurs.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur in the result, without writings.

. R.W. and D.W. are married, but they are not biologically related to the child. M.W. is described by the juvenile court, in its May 10, 2007, order, as the child’s legal father. However, an adoption petition filed by the custodians in August 2008 alleges that the child’s legal father is J.D.L.

. There is a handwritten notation on N.H.’s motion to reconsider the order denying her motion to intervene, that states: “Motion Granted. Case to be heard 8-14-07 at 8:30 a.m.” The notation was signed by L.B. Powell, who was the juvenile court referee presiding over this case.

. The custodians also filed, on August 6, 2009, a motion to vacate the juvenile court’s July 23, 2009, order. the hearing based on the parties’ efforts to reach a settlement.

. The custodians’ attorney and N.H.’s attorney had allegedly agreed to a continuance of

. Even if we were to conclude that the custodians had filed the petition for a writ of mandamus within a presumptively reasonable time, this court still could not grant the custodians’ petition for a writ of mandamus regarding the December 2, 2008, order because there was another adequate remedy available to the custodians. The custodians could have filed a Rule 60(b)(4), Ala. R. Civ. P., motion in the juvenile court. “Rule 60 allows a party to move to set aside a judgment that is void for lack of subject-matter jurisdiction at any time.” Shamburger v. Lambert, 24 So.3d 1139, 1142 (Ala.Civ.App.2009). See also Ala. Code 1975, § 26-1OA-3 (granting probate courts of this state original jurisdiction over proceedings brought under the Alabama Adoption Code, § 26-10A-1 et seq., Ala.Code 1975); § 26-10A-21, Ala.Code 1975 (granting probate courts discretion to stay pending adoption proceedings if "it is determined that any other custody action concerning the adoptee is pending in the courts of this state ....”); and Ex parte A.M.P., 997 So.2d 1008, 1023 (Ala.2008).