STUART, Justice.
DuBose Construction Company, L.L.C., petitions this Court for a writ of mandamus directing the Court of Civil Appeals to vacate its order issued on November 8, 2011, directing the Montgomery Circuit Court to issue a ruling on the remand ordered in DuBose Construction Co. v. Simmons, 989 So.2d 1140 (Ala.Civ.App.2008), within 28 days. We deny the petition.
I.
On February 14, 2005, James Simmons, an employee of DuBose Construction, sustained a medial meniscus tear in his right knee when he slipped and fell in a hole while working at a construction site. On April 18, 2005, Simmons underwent surgery to repair the tear; however, because of persistent pain and swelling, a second surgery was required on January 9, 2006. Simmons returned to work at DuBose Construction on March 1, 2006, but subsequently resigned on May 24, 2006, stating that the injury to his knee had affected other parts of his body and that he could no longer perform physical labor.
On August 23, 2005, Simmons sued Du-Bose Construction in the Montgomery Circuit Court seeking workers’ compensation benefits for his knee injury. Following a proceeding at which the trial court heard ore tenus evidence, the trial court entered a judgment on March 13, 2007, finding that Simmons had suffered a permanent partial disability to the body as a whole and a 15% permanent partial loss of his ability to earn and awarding benefits accordingly. DuBose Construction subsequently appealed that judgment to the Court of Civil Appeals, arguing that the trial court had erred in awarding Simmons benefits based on a loss of earning capacity because, Du-Bose Construction argued, Simmons was limited to receiving the lesser benefits allowed for the loss of use of a leg set forth in the compensation schedule in § 25-5-57(a), Ala.Code 1975.
In its opinion, the Court of Civil Appeals recognized that the general proposition advocated by DuBose Construction was correct — that compensation for injuries resulting in the loss of use of a member of the body should be awarded in accordance with the schedule set forth in § 25-5-57(a) — but also noted that this Court had established an exception to that rule in *51 Bell v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968), later modified in Ex parte Drum-mond Co., 837 So.2d 831 (Ala.2002), “allowing an unscheduled award for an injury of such severity that it impacts the claimant’s entire body.” Ex parte Addison Fabricators, Inc., 989 So.2d 498, 503 (Ala.2007). The Court of Civil Appeals ultimately concluded that it was unable to determine whether that exception should apply to Simmons, however, because “[t]he trial court did not make findings concerning whether Simmons’s injury entitled him to compensation outside the schedule.” 989 So.2d at 1143. The court further explained that it was required to remand the cause to the trial court for that court to make specific findings concerning the extent of Simmons’s injury, stating:
“In Wal-Mart Stores, Inc. v. Gardner, 885 So.2d 168 (Ala.Civ.App.2003), this court reversed the judgment of a trial court awarding the employee workers’ compensation benefits without specifically setting forth its reason for awarding benefits outside the schedule, stating:
“‘The trial court’s judgment contains no mention of the so-called “Bell [v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968),] test” or the rule articulated by our Supreme Court in [Ex parte ] Drummond Co., [837 So.2d 831 (Ala.2002) ]; there is no determination of the applicability of the provisions of § 25-5-57(a)(3)a. and d. It is not the role of this court to make the findings contemplated by Drummond Co., or by those statutory provisions; that is the task of the trial court. Ex parte R.T.S., 771 So.2d 475, 477 (Ala.2000).’
“885 So.2d at 172. Similarly, in Addison Fabricators, Inc. v. Davis, 892 So.2d 440 (Ala.Civ.App.2004), this court, relying on our decision in Wal-Mart, supra, reversed the judgment of the trial court based on its failure to make a determination as to the applicability of § 25-5-57(a)(3)a. and d. In so holding, this court concluded that the ‘ “[t]he trial judge should make a finding of every fact necessary to sustain the judgment of the court.” ’ 892 So.2d at 443 (quoting United Tel. & Tel. Co. v. Culiver, 271 Ala. 568, 570, 126 So.2d 119, 120-21 (1961)).
“Given the trial court’s failure to make findings concerning whether Simmons’s injury entitled him to workers’ compensation benefits outside the schedule, we must reverse the judgment of the trial court and remand the cause for the trial court to enter a judgment consistent with this opinion.”
DuBose Construction, 989 So.2d at 1143.
The case thus returned to the trial court where, on June 17, 2008, approximately four months after the release of the Court of Civil Appeals’ opinion, the trial court entered an order dismissing the case. The order stated in its entirety: “The court having reviewed this case and determining that the case appears concluded, the court is of the opinion that this matter should be dismissed. Accordingly, it is hereby ordered that this matter is dismissed.” Three days later, on June 20, 2008, Simmons moved the trial court to set aside its order of dismissal, arguing that “the Court of Civil Appeals, in its opinion, reversed and remanded the above case for the trial court ‘to make findings whether Simmons’s injury entitled him to workers’ compensation benefits outside the schedule.’ ” Simmons’s motion was considered by the trial court at a hearing on August 25, 2008, at which the trial court had the following exchange with the attorneys for Simmons and DuBose Construction:
“[Attorney for DuBose Construction]: One thing you do need to do — I’m not sure how this happened. After the Court of [Civil] Appeals entered its or *52 der, it came back here and the case has actually been dismissed.
“[Court]: Who dismissed it?
“[Attorney for Simmons]: You did. And I filed a motion—
“[Attorney for DuBose Construction]: The case has been dismissed. My worry is if it’s a [workers’ compensation] case, there has to be an order. We need— “[Court]: I’m going to set aside that. Do me an order right now setting that aside.
“[Attorney for DuBose Construction]: If you set aside an order—
“[Court]: Set aside the order dismissing the case and reinstate and put [the mediator] in there to mediate it.”
However, it appears that no written order setting aside the order dismissing the case was ever prepared, and, in any event, an order of dismissal was never entered into the record. Pursuant to Rule 59.1, Ala. R. Civ. P., Simmons’s motion to set aside the June 17, 2008, order of dismissal was accordingly denied by operation of law on September 18, 2008.[1] See Ex parte Chamblee, 899 So.2d 244, 248 (Ala.2004) (“We take this opportunity to reaffirm that for purposes of Rule 59.1 a trial judge ‘disposes of a pending postjudgment motion only by properly entering a ruling either denying or granting the motion. Ex parte Johnson Land Co., [561 So.2d 506, 508 (Ala.1990) ]. Rule 59.1 must be read in conjunction and in harmony with Rule 58, [Ala. R. Civ. P.,] which simply does not recognize an oral rendition of a judgment or order or an oral entry of a judgment or order.”).
On November 12, 2009, Simmons filed a motion in the Court of Civil Appeals seeking to compel the trial court to enter a judgment consistent with the Court of Civil Appeals’ ruling in DuBose Construction. In that motion, Simmons asserted that the trial court had held hearings on this case on June 4, 2009, and on October 7, 2009; however, Simmons asserted that at that last hearing the trial court had indicated that the case was closed because it had never entered an order in writing reinstating the case. Simmons nevertheless argued that the trial court could not have summarily dismissed the case without entering the order directed by the Court of Civil Appeals in DuBose Construction. On December 8, 2009, the Court of Civil Appeals denied Simmons’s motion without stating its rationale.
Undaunted, Simmons, on October 18, 2010, moved the trial court to schedule a status conference. DuBose Construction thereafter filed a response and moved the trial court to sanction Simmons. In Simmons’s November 18, 2010, reply to that response, he conceded that his arguments were untimely if Rule 59.1 applied to his case, but he argued that the trial court’s June 17, 2008, order of dismissal was void because it was outside the scope of the remand order issued by the Court of Civil Appeals in DuBose Construction. The materials submitted to this Court contain no evidence indicating that the trial court took any action on these pleadings, and, on October 3, 2011, Simmons petitioned the Court of Civil Appeals for a writ of mandamus directing the trial court to finally enter an order setting forth the findings of fact the Court of Civil Appeals had held were absent from the trial court’s initial judgment, and he argued that the trial *53 court’s June 17, 2008, order dismissing the case-was void because it did not comply with the Court of Civil Appeals’ directions on remand. The Court of Civil Appeals ordered DuBose Construction to file an answer to Simmons’s petition, which it subsequently did, along with a motion to dismiss the petition and a request for damages for a “frivolous appeal” under Rule 38, Ala. R.App. P. On November 8, 2011, the Court of Civil Appeals entered an order granting Simmons’s petition, denying DuBose Construction’s request for damages, and directing the trial court “to rule on the remand within 28 days from [the] date of this order.”
On November 22, 2011, DuBose Construction petitioned this Court for a writ of mandamus directing the Court of Civil Appeals to vacate its November 8, 2011, judgment. This Court subsequently ordered Simmons and the Court of Civil Appeals to file answers and briefs in response to Du-Bose Construction’s petition and granted DuBose Construction’s motion to stay proceedings in the trial court pending the resolution of its petition.
II.
“This Court reviews de novo the issuance of a writ of mandamus by the Court of Civil Appeals. Rule 21(e), Ala. R.App. P. Review of a writ of mandamus issued by the Court of Civil Appeals is properly sought through a petition for the writ of mandamus to this Court. Rule 21(e), Ala. R.App. P. ‘ “ ‘Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” ’ Ex parte Sears, Roebuck & Co., 895 So.2d 265[, 268] (Ala.2004) (quoting Ex parte Mardis, 628 So.2d 605, 606 (Ala.1993) (quoting in turn Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990))). ‘The petitioner bears the burden of proving each of these elements before the writ will issue.’ Ex parte Glover, 801 So.2d 1, 6 (Ala.2001) (citing Ex parte Consolidated Publ’g Co., 601 So.2d 423 (Ala.1992)).”
Ex parte Vance, 900 So.2d 394, 397 (Ala.2004).
III.
In its petition for a writ of mandamus, DuBose Construction argues that the Court of Civil Appeals exceeded its discretion in granting Simmons’s petition for the writ of mandamus because, its says, Simmons’s petition was both improper and untimely:
“The petition for writ of mandamus was not properly granted by the Court of Civil Appeals for three different reasons: 1) [Simmons’s] remedy was through an appeal and the Court of Civil Appeals improperly allowed [Simmons] to utilize mandamus as a substitute for his untimely appeal; 2) the petition was untimely filed; and 3) [Simmons] did not comply with the mandatory requirements of Rule 21 of the Alabama Rules of Appellate Procedure for the filing of an untimely petition. Because the petition for writ of mandamus did not comply with the Alabama Rules of Appellate Procedure and was untimely, Dubose [sic] Construction filed a motion to dismiss the petition which should have been granted by the Court of Civil Appeals. Dubose [sic] Construction also filed a motion for damages and was entitled to an award of damages pursuant to Rule 38 of the Alabama Rules of Appellate Procedure.”
*54 (DuBose Construction’s petition, p. 13.) The gravamen of DuBose Construction’s argument, therefore, is that the trial court entered an order dismissing Simmons’s case on June 17, 2008, and that, although Simmons moved the trial court to set aside that order on June 20, 2008, and the trial court indicated in a subsequent hearing that it was inclined to grant Simmons’s motion, the trial court never actually set aside the June 17 order of dismissal in writing; thus, that June 17 order became final pursuant to Rule 59.1 on September 18, 2008 — when Simmons’s motion to set aside the June 17 order was denied by operation of law because the trial court had not ruled on it within 90 days of its filing. Consequently, DuBose Construction argues, when Simmons failed to file an appeal by October 30, 2008, the expiration of the 42-day period for filing an appeal provided by Rule 4, Ala. R.App. P., his right to appeal the dismissal of his case was extinguished. Moreover, even if Simmons was entitled to seek mandamus relief instead of relief via an appeal, DuBose Construction argues, the same 42-day period is presumed to apply, and Simmons failed to include in his petition a statement of good cause explaining why that 42-day period should not apply to his case. See Rule 21(a)(3), Ala. R.App. P.
DuBose Construction’s arguments regarding Rule 59.1 and the time limits for filing an appeal are fundamentally correct; however, they are ultimately immaterial because they relate to an argument Simmons has essentially conceded. Throughout this litigation, Simmons has relied on two arguments in his attempts to have the trial court enter the findings of fact identified in DuBose Construction as missing from its original order. First, he has argued that the trial court’s oral statements at the August 25, 2008, hearing on his motion to set aside the June 17, 2008, order dismissing his case were, in fact, effective and resulted in the reinstatement of his case. Under this theory of the case, Simmons’s case has been pending since that time and Simmons sought mandamus relief only because the trial court has since refused to fulfill its duty and enter a ruling in the case. However, as ably argued by DuBose Construction and explained supra, this argument lacks legal merit because “Rule 59.1 must be read in conjunction and in harmony with Rule 58, which simply does not recognize an oral rendition of a judgment or order or an oral entry of a judgment or order.” Ex parte Chamblee, 899 So.2d at 248.
However, Simmons has also argued that the trial court’s June 17, 2008, order dismissing his case was void ab initio because, he says, it did not comply with the Court of Civil Appeals’ remand instructions in DuBose Construction. The Court of Civil Appeals, Simmons argues, ordered the trial court on remand to make findings detailing whether Simmons’s injury entitled him to workers’ compensation benefits outside the schedule set forth in § 25-5-57(a) and, accordingly, the trial court lacked authority to take any other action, including dismissing the case. Under this theory of the case, the June 17, 2008, order of dismissal had no effect, and Simmons’s case has remained pending in the trial court since the Court of Civil Appeals remanded it to that court in DuBose Construction; Rule 59.1 and time limits for appeals were therefore never implicated. Simmons was presumably cognizant of the fact that this was the stronger of his arguments because he appears to have abandoned his first argument that the trial court orally set aside its order of dismissal when, in a November 18, 2010, filing in the trial court, he conceded that “if this issue was subject to [Rule 59.1], then it would be untimely.” Indeed, in the petition for the writ of mandamus that Simmons success *55 fully pursued in the Court of Civil Appeals, he argued exclusively that the trial court’s June 17, 2008, order of dismissal was void as a result of the court’s failure to comply with the Court of Civil Appeals’ instructions on remand.[2]
Moreover, although the Court of Civil Appeals did not explain its rationale for granting Simmons’s petition for the writ of mandamus in the November 8, 2011, order, it has filed an answer in this Court responding to DuBose Construction’s petition for the writ of mandamus. In that answer, the Court of Civil Appeals confirms that it issued the writ based on Simmons’s argument that the trial court lacked authority to dismiss his case, stating:
“7. Pursuant to established Alabama caselaw, a lower court must strictly comply with the remand order of an appellate court. See Ex parte Alabama Power Co., 431 So.2d 151, 155 (Ala.1988) (quoting 5 Am.Jur.2d Appeal and Error § 991 (1962)). In Lynch v. State, 587 So.2d 306, 307 (Ala.1991), the Supreme Court of Alabama held that a lower court acts beyond its authority if it takes any action on remand that differs from the explicit instructions of the higher appellate court. In Anderson v. State, 796 So.2d 1151 (Ala.Crim.App.2000), the Alabama Court of Criminal Appeals interpreted Lynch as holding that ‘any act by a trial court beyond the scope of an appellate court’s remand order is void for lack of jurisdiction.’ 796 So.2d at 1156 (citing Ellis v. State, 705 So.2d 843, 847 (Ala.Crim.App.1996) (stating that on remand, ‘the trial court had no jurisdiction to modify the original or base sentence imposed or to take any action beyond the express mandate of this court’)); see also Hyde v. State, 894 So.2d 808 (Ala.Crim.App.2004), and Moore v. State, 871 So.2d 106 (Ala.Crim.App.2003) (accord).
“8. In Peterson v. State, 842 So.2d 734, 739-40 (Ala.Crim.App.2001), the Alabama Court of Criminal Appeals applied Lynch and Anderson to hold that a circuit court lacked jurisdiction to set aside a defendant’s convictions and to reinstate an indictment against the defendant because those actions exceeded the scope of the Court of Criminal Appeals’ remand order, which merely required the circuit court to enter specific findings of fact on a separate issue. Because the circuit court acted without jurisdiction, the Court of Criminal Appeals held that the judgment was ‘void.’ 842 So.2d at 740.
“9. In this case, this court, like the Court of Criminal Appeals in Peterson, remanded the case for [the trial court] to enter specific findings of fact regarding the inapplicability of the schedule. Like in Peterson, [the trial court] did not comply with our mandate, but, instead, purported to enter a judgment exceeding the scope of our remand order, namely, dismissing the case. As in Peterson, [the trial court’s] judgment of dismissal is ‘void.’ Because it is void, the judgment did not effectively dismiss the case, leaving the parties in the same position as they were prior thereto. Consequently, [the trial judge] remained subject to this court’s order to enter appropriate findings of fact to explain why he deviated from the schedule in awarding Simmons compensation.
“10. Because [the trial court] did not act in strict compliance with this court’s remand order, Simmons was entitled to *56 a writ of mandamus compelling [the trial court’s] compliance. See, e.g., Ex parte Queen, 959 So.2d 620, 621 (Ala.2006) (‘A petition for a writ of mandamus is the proper method by which to bring before an appellate court the question whether the trial court, on remand, has complied with the appellate court’s mandate.’).”
After the Court of Civil Appeals filed its answer, DuBose Construction filed a reply in which it for the first time responded to the argument that the June 17, 2008, order of dismissal was void and hence without effect. In that reply, DuBose Construction argued that Simmons’s petition seeking mandamus relief from the Court of Civil Appeals should have been denied because (1) Simmons could have, but never did, move the trial court pursuant to Rule 60(b)(4), Ala. R. Civ. P., to set aside its June 17, 2008, order of dismissal as void,[3] and (2) the order of dismissal was not contrary to the Court of Civil Appeals’ instructions in DuBose Constmction. However, for the reasons that follow, these arguments still do not establish that Du-Bose Construction has a clear legal right to the relief it seeks.
In support of its argument that the Court of Civil Appeals should have denied Simmons’s petition because he did not first file a motion invoking Rule 60(b)(4), Du-Bose Construction quotes Shamburger v. Lambert, 24 So.3d 1139, 1142-43 (Ala.Civ.App.2009):
“1 “A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal.” ’ Ex parte Moore, 880 So.2d 1131, 1133 (Ala.2003) (quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998)).
“In this case, [the petitioner] had at least two other adequate remedies. First, [the petitioner] could have raised lack of standing in a timely appeal to the circuit court. See Ex parte R.S.C., 853 So.2d 228 (Ala.Civ.App.2002) (holding that petitioner had adequate remedy by appeal to attack plaintiffs alleged lack of standing and, therefore, petition for a writ of mandamus was inappropriate means by which to seek relief). Second, [the petitioner] could have filed a Rule 60(b)(4), Ala. R. Civ. P., motion in the district court. In her postjudgment motion filed in the district court on July 21, 2008, [the petitioner] did not assert lack of standing as a jurisdictional defect. Nevertheless, Rule 60 allows a party to move to set aside a judgment that is void for lack of subject-matter jurisdiction at any time. See Ex parte Full Circle Distribution, L.L.C., 883 So.2d 638, 643 (Ala.2003). The district court retained jurisdiction over the case to rule on such a motion because, as explained above, the circuit court had not acquired jurisdiction over the appeal because of the untimely filing of [the petitioner’s] notice of appeal. Because [the petitioner] had adequate remedies available to her, the circuit court erred in considering the petition for a writ of mandamus.”
*57 However, we find Shamburger to be distinguishable. In that case, the Court of Civil Appeals specifically stated that the petitioner did not assert lack of standing as a jurisdictional defect in the post-judgment motion she filed in the district court, and, for all that appears, she never did bring that specific argument to the district court’s attention. Id. However, in the instant case, Simmons clearly articulated his argument that the trial court’s June 17, 2008, order of dismissal was void because it failed to comply with the mandate of the Court of Civil Appeals in DuBose Construction and that it could accordingly be challenged at any time. For example in a November 18, 2010, filing in the trial court, Simmons stated:
“In Looney v. State, 60 So.3d 293, 296 (Ala.Civ.App.2010), the Alabama Court of Civil Appeals held that ‘ “[a]s a nullity, a void judgment has no effect and is subject to attack at any time.... [A] motion for relief from a void judgment is not governed by the reasonable-time requirement of Rule 60(b).” [Ex parte Full Circle Distribution, L.L.C., 883 So.2d 638, 643 (Ala.2003) ].’ Also on this issue, [Judge Moore of the Alabama Court of Civil Appeals], concurring specially in Franklin v. Catledge, 59 So.3d 738, 742 (Ala.Civ.App.2010), wrote that in regard to a void judgment, any party aggrieved by the judgment may file a Rule 60(b)(4), Ala. R. Civ. P., motion in the circuit court to have the judgment set aside.”
Although Simmons did not specifically entitle that filing as a “motion to set aside a judgment pursuant to Rule 60(b)(4),” it is this Court’s longstanding policy that the “ ‘character of a pleading is determined and interpreted from its essential substance, and not from its descriptive name or title.’ ” Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282 (Ala.1996) (quoting Union Springs Tel. Co. v. Green, 285 Ala. 114, 117, 229 So.2d 503, 505 (1969)). Simmons argued to the trial court that its June 17, 2008, order of dismissal was void, and, not obtaining relief from the trial court, he was entitled to petition the Court of Civil Appeals for mandamus relief. See Ex parte Queen, 959 So.2d 620, 621 (Ala.2006) (“A petition for a writ of mandamus is the proper method by which to bring before an appellate court the question whether the trial court, on remand, has complied with the appellate court’s mandate.”).
DuBose Construction next argues that the June 17, 2008, order of dismissal entered by the trial court is not void because, it argues, the order is not contrary to the remand instructions of the Court of Civil Appeals in DuBose Construction. Rather, DuBose Construction argues, the Court of Civil Appeals merely held that the trial court could not award Simmons damages based on a loss of earning capacity without first making a finding that the effects of Simmons’s knee injury extended to other parts of his body and then remanded the cause “for the trial court to enter a judgment consistent with this opinion.” 989 So.2d at 1143. A judgment containing no findings of fact and dismissing Simmons’s case without awarding him damages is, DuBose Construction argues, entirely consistent with that holding — the trial court was instructed only that it could not award Simmons benefits without making the supporting findings. We disagree.
In DuBose Construction, the Court of Civil Appeals noted that the trial court had failed to make findings concerning whether Simmons’s injury entitled him to compensation outside the schedule in § 25-5-57(a), Ala.Code 1975, and explained that it was the duty of the trial court to make a finding of every fact necessary to sustain its judgment. 989 So.2d at 1143. Having *58 identified that it was the absence of such findings that required the reversal of the trial court’s judgment, it is evident that the Court of Civil Appeals intended for the trial court, on remand, to make such findings regardless of whether those findings supported the trial court’s initial judgment.[4] See Harbin v. United States Steel Corp., 356 So.2d 179, 182 (Ala.Civ.App.1978) (stating that the trial court in a workers’ compensation case was required to make findings of’ fact regarding the existence or absence of evidence relevant to disputed issue). Accordingly, only a judgment containing findings of fact would comply with the Court of Civil Appeals’ instructions that “the trial court enter a judgment consistent with this opinion,” and any judgment failing to do so was, in fact, void. Id. This conclusion is buttressed by the fact that the Court of Civil Appeals has confirmed its intent in its answer filed with this Court and by the fact that other trial courts have interpreted similar remand language used by the Court of Civil Appeals in cases involving § 25-5-57(a) as requiring an order supplementing the trial court’s findings of fact to address the issue whether an on-the-job injury affected more than just the body part that suffered the direct injury. See, e.g., Ex parte Addison Fabricators, Inc., 989 So.2d at 500. DuBose Construction’s argument that the trial court’s order of dismissal was consistent with the Court of Civil Appeals’ remand instructions is without merit.
IV.
DuBose Construction petitioned this Court for a writ of mandamus directing the Court of Civil Appeals to vacate its November 8, 2011, order granting Simmons’s petition for the writ of mandamus and directing the trial court to issue a ruling on the remand ordered in DuBose Construction within 28 days. However, DuBose Construction has failed to establish that it has a clear legal right to that relief because the trial court’s June 17, 2008, order dismissing Simmons’s case was void as being outside the scope of the Court of Civil Appeals’ remand order, and Simmons was accordingly entitled to a writ directing the trial court to enter a proper judgment in the case.
PETITION DENIED.
MALONE, C.J., and PARKER, SHAW, and WISE, JJ., concur.

. At the time pertinent to this action, Rule 59.1 provided that "[a] failure by the trial court to dispose of any pending post-judgment motion within the [90-day period] permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.” Rule 59.1 was amended effective October 24, 2008, to change the word ‘‘dispose” to "render an order disposing.”

. Simmons did, however, as he has in the briefs filed with this Court, state as fact that the trial court reinstated his case at the August 25, 2008, hearing, although he does not make any further arguments based on that alleged fact.

. Rule 60(b) provides, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void.... The motion shall be made within a reasonable time....”
The Committee Comments on the 1973 Adoption of Rule 60 further make clear that there is no set time in which a party must challenge a void judgment because "Alabama law has always been that a void judgment could be vacated at any time.” Committee Comments on 1973 Adoption of Rule 60, Ala. R. Civ. P. (citing Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184 (1907)).

. The entire record is not before this Court on mandamus review; however, the materials before us indicate that Simmons has asserted that the injury to his right knee also affected his back, his left leg, and his right elbow. The trial court has access to the entire record and can properly determine whether those assertions are grounded in the evidence.